EVA L. STREETER, as Administratrix of the Estate of EDWARD STREETER, Deceased, Respondent, v. GRAHAM & NORTON COMPANY, Appellant.

40

(Argued October 16, 1933; decided November 21, 1933.)

*Fred H. Rees* for appellant. Plaintiff's alleged cause of action does not exist for the reason that she was not appointed as administratrix until more than two years after the death of decedent, and for the reason that the action was not commenced within two years of the date of his death. (Cons. Laws, ch. 13, § 130; *Exchange Mutual Ins. Co.* v. *C. H. Gas & El. Co.*, 243 N. Y. 75; *Fallert* v. *Massachusetts Bonding Co.*, 172 App. Div. 690; 225 N. Y. 647; *Leun* v. *Brimmer*, 203 App. Div. 643; *Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316.) Plaintiff is not aided by section 23 of the Civil Practice Act. The plaintiff in the present action is not the same plaintiff and does not represent the same interests as the plaintiff in the prior action. (*Claflin* v. *Middlesex Banking Corp.*, 113 Fed. Rep. 958; *Matter of Schlesinger*, 36 App. Div. 77.) The fact that an action for damages for wrongful death cannot be split prevents the maintenance of this action. (*U. S. F. & G. Co.* v. *Graham & Norton Co.*, 254 N. Y. 50; *Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367.)

*Harry W. Williams* for respondent. Section 23 of the Civil Practice Act, which grants under certain circumstances the right to bring a new action within one year, although the Statute of Limitations on the original cause of action has expired, applies to an action brought under section 130 of the Decedent Estate Law to recover damages for death caused by wrongful act. (*Hoffman* v. *D. & H. Co.*, 163 App. Div. 50; *Leun* v. *Brimmer*, 203 App. Div.

643; *Connolly* v. *Hymans,* 176 N. Y. 403; *Bellinger* v. *German Ins. Co.,* 51 Misc. Rep. 463; 189 N. Y. 533; *McKnight* v. *City of New York,* 186 N. Y. 35; *Ackerman* v. *Ackerman,* 200 N. Y. 73; *Titus* v. *Pool,* 145 N. Y. 14; *Boffe* v. *Consolidated Telegraph & Electric Subway Co.,* 171 App. Div. 392.) Section 23 of the Civil Practice Act must be broadly and equitably construed and is intended to protect an active and diligent suitor until he reaches a judgment on the merits and to protect against mistakes of law including a mistaken belief that the court has jurisdiction. (*Gaines* v. *City of New York,* 215 N. Y. 533; *Davis* v. *N. Y. C. & H. R. R. R. Co.,* 233 N. Y. 242.)

HUBBS, J. On April 21, 1927, Edward Streeter, a carpenter employed by the United Metal Products Company, was killed in an elevator shaft in the Home Savings Bank Building in Albany, N. Y. He left him surviving a widow and six children, ranging in age from three to nineteen years. The widow and five youngest children, all dependents within the meaning of the Workmen's Compensation Law (Cons. Laws, ch. 67), elected to take compensation under that act. The United States Fidelity and Guaranty Company, the insurance carrier, paid the compensation awarded and thereby became a statutory assignee under section 29 of the Workmen's Compensation Law, of all the rights of the widow and five dependent children against this defendant, whose alleged negligent acts are claimed to have caused decedent's death. Charles Streeter, the oldest child, who was nineteen years of age, was not a dependent within the meaning of the Workmen's Compensation Law and, therefore, was not entitled to compensation. As to his rights, no statutory assignment resulted.

Within the two-year period specified by section 130 of the Decedent Estate Law (Cons. Laws, ch. 13) for the commencement of an action by an executor or administrator for negligence or wrongful act or default. causing death of a decedent, the United States Fidelity and

Guaranty Company began an action to recover upon its assigned claim. That action resulted in a judgment in favor of the carrier which judgment was entered within the two-year period. It was later affirmed by the Appellate Division, but upon appeal to this court was reversed on the ground that an executor or administrator, as the statutory trustee of all the next of kin, must prosecute an action brought under section 130 of the Decedent Estate Law. ( *United States Fidelity & Guaranty Co.* v. *Graham & Norton Co.*, 254 N. Y. 50.)

Shortly after the reversal of the judgment in that case by this court, and more than two years after the death of deceased, plaintiff was appointed administratrix of the estate of her deceased husband. Thereupon this action was commenced to recover for the death of deceased. A verdict in the sum of $40,000 was found in favor of the plaintiff, which was reduced to $15,000, and further reduced to the extent of the interest therein of Charles Streeter upon the ground that as to his interest, the action had not been commenced in time, he having no claim for compensation which could have been assigned to the United States Fidelity and Guaranty Company, the plaintiff in the first action.

The Appellate Division held that although the cause of action is statutory and the present case does not come within the letter of section 130 of the Decedent Estate Law, nevertheless, the cause of action is saved by section 23 of the Civil Practice Act, which reads: " If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year

after such a reversal or termination. *This section also applies to the workmen's compensation law."*

It is urged that section 23 contemplates that the diligent suitor shall have one adjudication upon the merits of his cause even though through mistake in form, forum or remedy, a prior action has failed, and that this action is within the spirit if not within the letter of the section.

In the case of *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397, 404) this court decided that where an insurance carrier is the sole beneficiary, that is the assignee, of all of the next of kin and widow or husband, who would be entitled to share in a recovery of damages as a result of the negligent death, an action may be maintained by the carrier as assignee, to recover such damage. The court said, referring to section 29 of the Workmen's Compensation Law: " Those provisions express that within the legislative mind and comprehension the section provided to the dependents of the employee a cause of action, independent of and not that created by section 1902 [Code of Civil Procedure] for the negligently caused death."

Section 130 of the Decedent Estate Law, now in force, reads the same as section 1902 of the Code of Civil Procedure.

In the case of *United States Fidelity & Guaranty Co.* v. *Graham & Norton Co.* (*supra*), the action brought by the carrier as assignee to recover damages for the death of plaintiff's intestate, it was decided that the action could not be maintained as the plaintiff in that action was not the assignee of all the persons entitled to share in the damages recovered for the negligent death and that the cause of action could not be split. The opinion said: " The action should have been brought through an administrator as the statutory trustee of the entire group of beneficiaries " (p. 55).

Section 23 of the Civil Practice Act applies only where the second action is brought by the same plaintiff, " or,

if he dies and the cause of action survives, his representative."

The present action was not brought by the same plaintiff or representative. Neither is it the same cause of action. The first action was sought to be maintained under section 29 of the Workmen's Compensation Law, while the present action is under section 130 of the Decedent Estate Law.

If the plaintiff in the present action were the same as in the prior action, seeking to recover for the same cause of action, undoubtedly section 23, Civil Practice Act, would apply and the cause of action would be saved although more than two years had expired since the death of decedent before the present action was brought. (*Sharrow* v. *Inland Lines, Ltd.*, 214 N. Y. 101.)

To grant the right conferred by section 23, Civil Practice Act, to a different party plaintiff, representing in part different interests, would require the placing of a construction upon the section plainly beyond its intent and purpose.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgments reversed, etc.