JULIA E. VAN WORMER, as Administratrix, etc., of ROBERT E. VAN WORMER, Deceased, Appellant, Respondent, *v.* ALBERTUS ARNOLD, Defendant, and JOSEPH DEE, Respondent, Appellant.

Third Department, November 2, 1938.

234

*Byrne, Jeram & Casey [Joseph P. Keenan of counsel], for the appellant, respondent.*

*Hart, Senior & Nichols [Isadore Bookstein of counsel], for the respondent, appellant.*

HILL, P. J. Plaintiff appeals from an order which set aside on the law the verdict of the jury in a negligence case against the appellant Dee in an action brought against him and another. Dee and the plaintiff's intestate were coemployees of The Press Company, a newspaper publishing corporation, which was subject to the Workmen's Compensation Law and which carried a policy covering its employees. Plaintiff's intestate received his injuries while he and the appellant were distributing newspapers by automobile. The automobile belonged to and was driven by Dee. It came in collision with the one driven by the defendant Arnold. The verdict against the latter has not been set aside and he has not appealed from the judgment against him. As an affirmative defense the appellant Dee pleads that section 29 of the Workmen's Compensation Law provides the exclusive remedy for the damages which any person suffered because of the intestate's death, and relies upon the last paragraph of section 29 of the Workmen's Compensation Law which reads: " The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ."

The intestate left no dependents. He was not married and neither his father nor his mother was dependent upon him. The mother as administratrix brings this action for the benefit of the next of kin of the intestate to recover the pecuniary damages which resulted from decedent's death. (Dec. Est. Law, § 130 *et seq.*)

The quoted portion of section 29 was added by chapter 695 of the Laws of 1934, following the decision in *Judson* v. *Fielding* (253 N. Y.

596, affg. 227 App. Div. 430), which determined that the statute absolved the employer from liability in an action for negligence when a coworker was injured by the wrongful act of another, but did not absolve the coemployee whose wrongful act caused the injury. The provisions of the New York State Constitution concerning workmen's compensation (Art. 1, § 19) empower the Legislature " to provide that the right of such compensation, and the remedy therefor shall be exclusive of all other rights and remedies for injuries to employees or for death resulting from such injuries." The question presented upon this appeal is whether the Legislature, when it enacted that the right to compensation " shall be the exclusive remedy to an employee, or in case of death his *dependents* " intended to modify and limit the provisions of the Decedent Estate Law (*supra*) so that the " next of kin " who are not dependents may not recover for negligence from a coemployee of decedent. In determining this question we are to assume that the Legislature was cognizant of the existing statutes and the construction given them by the courts.

*Matter of Zirpola* v. *Casselman, Inc.* (237 N. Y. 367, 370) discusses the distinction between " dependents " as defined by the Workmen's Compensation Law, and " next of kin " as used in the Decedent Estate Law. " The two classes are not invariably nor perhaps commonly the same. * * * [p. 370]. The barest comparison of the class of dependents as established by this schedule with the class of next of kin as defined in the statutory cause of action for injuries resulting in death will reveal the variances between them. * * * [p. 371]. The Compensation Act did not create a new cause of action against wrongdoers other than the employer with a new class of beneficiaries. It found a cause of action already in existence, and assuming that this cause of action would continue in the future, it fixed the extent to which the shares that belonged to the dependents should be applied in reduction of the burdens that were placed upon the carrier " (p. 372). The court, by this decision, also limited and disavowed much of the language used in the opinion in *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397).

The distinction between rights and causes of action created by the Workmen's Compensation Law and those provided by the Decedent Estate Law is discussed in *Phœnix Indemnity Co.* v. *Staten Island R. T. R. Co.* (251 N. Y. 127). There a judgment in favor of the carrier and against a negligent third party for the two $500 payments made to the State under section 15 of the Workmen's Compensation Law was affirmed, the widow, the sole next of kin and only dependent, having recovered theretofore from the negli-

gent third party a judgment in excess of the compensation she would receive under the Workmen's Compensation Law.

In *United States Fidelity & Guaranty Co.* v. *Graham & Norton Co.* (254 N. Y. 50) it was determined that the plaintiff, an insurance carrier, assignee by subrogation under section 29 of the distributive shares belonging to the widow and five of the six children of the employee who died from an accidental injury received through the negligence of another not in the same employ, was not permitted to recover for the reason, as the court held, that the cause of action might not be severed, and that it should have been prosecuted by an administrator under the Decedent Estate Law for the benefit of all of the next of kin, the recovery to be distributed by the administrator between the assignee of the dependents and the non-dependent child.

*Streeter* v. *Graham & Norton Co.* (263 N. Y. 39) dealt with the same accidental death. There the action was brought by an administratrix for the benefit of all the next of kin, as suggested by the court in the earlier case. A recovery was denied for the reason that the two-year Statute of Limitations specified by section 130 of the Decedent Estate Law had expired. The plaintiff asserted that the earlier action extended for one year the period within which the new action might be brought. (Civ. Prac. Act, § 23.) The court said: " The present action was not brought by the same plaintiff or representative. Neither is it the same cause of action. The first action was sought to be maintained under section 29 of the Workmen's Compensation Law, while the present action is under section 130 of the Decedent Estate Law."

The foregoing authorities leave no doubt as to the distinction between " dependents " and " next of kin " and none as to the statutes creating the rights and causes of action of the two groups. When the Legislature amended section 29 and made the cause of action there granted the exclusive remedy for dependents, there was no intent to include non-dependent next of kin.

*Barrencotto* v. *Cocker Saw Co.* (266 N. Y. 139) interprets and limits *Shanahan* v. *Monarch Engineering Co.* (219 id. 469) in so far as the language thereof seems at variance with the earlier quoted authorities. The Legislature, by the amendment to section 29, did not provide a remedy for non-dependent next of kin of a decedent whose death was caused by the wrongdoing of a coemployee, and by that amendment did not repeal by implication the grant of the cause of action contained in the Decedent Estate Law. (*Barrencotto* v. *Cocker Saw Co., supra.*)

The defendant Dee has also appealed from the order of the Trial Term because of its refusal to set aside the verdict as against

the weight of evidence. We believe that there was evidence to sustain the verdict.

The order setting aside the verdict and the judgment entered thereon should be reversed on the law and facts, with costs, and the verdict reinstated, with costs.

RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order setting aside verdict and the judgment entered thereon reversed on the law and facts, with costs, and the verdict reinstated.