LAWRENCE CALAGNA, Plaintiff, *v.* SHEPPARD-POLLAK, INC., HYGRADE PLUMBING CO., INC., H. SAND & CO., INC., ELCO ENGINEERING CO., INC., and ATLANTIC ELEVATOR CO., INC., Defendants.

Supreme Court, Special Term, Bronx County, December 1, 1941.

*Henry Schantz* [*Lind & Marks,* by *Herbert W. Beller* of counsel], for the plaintiff.

*James A. Hughes* [*Henry Allen Mark* of counsel], for the defendant Sheppard-Pollak, Inc.

*John H. Brogan* [*James G. Purdy* of counsel], for the defendant Hygrade Plumbing Co., Inc.

*John P. Smith* [*Charles F. Bachmann* of counsel], for the defendant H. Sand & Co., Inc.

*Emanuel Morgenbesser,* for the defendant Elco Engineering Co., Inc.

HAMMER, J. The action was brought by plaintiff for damages for personal injuries sustained on December 8, 1939, through negligence of the defendants. Plaintiff at the time was employed by a subcontractor. The defendants are the general contractor and other subcontractors, none of whom is the employer of plaintiff. Defendants assert plaintiff's cause of action in which summons was not served until December 9, 1940, was not commenced within the one-year period of time limited by section 29 of the Workmen's Compensation Law and move to dismiss the complaint on that ground. That section has reference to remedies of employees and subrogation. It provides the injured employee, or dependents in case of death, need not elect whether to take compensation from the employer or to pursue the remedy by action for negligence or wrong against the responsible non-employer but may take compensation from the employer and at any time either prior to or within six months after the awarding of compensation pursue his remedy against such other. If the injured, or in case of death the dependents, take or intend to take compensation and also desire to bring such action, it must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues. In the event of successful action by settlement or recovery after deducting reasonable expenditures, including attorneys' fees, the total compensation awarded is a lien on the proceeds and to that extent the action and recovery is for the benefit of the compensation fund, carrier or employer. If the injured, or in case of death the dependents, have taken compensation but failed to commence such action within the time limited, such failure operates as an assignment of the cause of action to the State Insurance Fund, carrier or employer paying the compensation. If such fund, carrier or employer recover from a non-employer liable for negligence or wrong a sum in excess of the total compensation, expenses of medical treatment paid for the injured and reasonable expenses of effecting the recovery, two-thirds of the excess are for the benefit of and are payable to the employee or dependents. It is obvious from the foregoing that the limitation in section 29 is applicable solely to rights and obligations of the employee, and dependents in the event of death, and those of the employer, insurance carrier or insurance fund when compensation is awarded and an action is also brought against a non-employer whose negligence or wrong has caused the injury or death. The title of the section reads: " Remedies of employees; subrogation." That demonstrates the provisions are applicable to the " *remedies of employees* " entitled to compensation and to " *subrogation* " between such employees

and those liable for and required to make the compensation payments. The provisions in the very language thereof are applicable only to " remedies of employees " and " subrogation." In respect of actions by the injured, or dependents in the event of death, it is clear that the only period of limitation fixed as the time in which actions may be commenced by the injured against others than an employer is that contained in the Civil Practice Act; and the time in which actions by executors or administrators may be commenced for damages for negligence, wrongful act or default, is that in section 130 of the Decedent Estate Law. (*Streeter* v. *Graham & Norton Co.*, 263 N. Y. 39; *Exchange M. I. Ins. Co.* v. *C. H. Gas & El. Co.*, 243 id. 75; *Matter of Zirpola* v. *Casselman, Inc.*, 237 id. 367; *Van Wormer* v. *Arnold*, 255 App. Div. 233.) As the plaintiff here is the injured person and the action is in negligence, the period of limitation is that of three years provided in subdivision 6 of section 49 of the Civil Practice Act. The defendants are not employers of the plaintiff and the Workmen's Compensation Law has not defined their status nor limited the rights of the injured, or dependents in event of death, against them. (See *McCue* v. *Shea Co., Inc.*, 175 Misc. 557; affd., 260 App. Div. 946; *Lester* v. *Otis Elevator Co.*, 90 Misc. 649; affd., 169 App. Div. 613; *Hession* v. *Sari Corp.*, 283 N. Y. 262; *O'Brien* v. *Lodi*, 246 id. 46.)

Motion to dismiss on ground that this action was not commenced within one year, under the provisions of section 29 of the Workmen's Compensation Law, accordingly, is denied, with ten dollars costs.