CLARA K. LAPPIN, as Administratrix of the Estate of JAMES M. LAPPIN, Deceased, Plaintiff, v. NATIONAL CONTAINER CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, August 20, 1942.

*Jay Genzer* (*Harry Kreindler* and *Abraham Maurer* of counsel), for plaintiff.

*Daniel Miner* (*T. Carlyle Jones* of counsel), for National Container Corporation, defendant.

*Florence Rogatz* for Harry Sobel, defendant.

SHIENTAG, J. This is a motion to strike out (1) paragraph Fifth of the answer on the ground that it is sham, (2) paragraphs Eighth to Twenty-second inclusive consisting of a separate defense on the ground of insufficiency, and (3) for judgment on the pleadings.

The action is by an administratrix for personal injuries suffered by the decedent as a result of the defendants' negligence. The defendants plead by way of defense that plaintiff's intestate at the time of the injury on February 23, 1940, was subject to the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67), that plaintiff applied for and was awarded compensation under the statute on May 29, 1941, that she failed to institute the present action within six months after receiving the award or within a year from the date the action accrued, that under the circumstances the cause of action of the plaintiff has been assigned by virtue of section 29 to the person liable for the payment of the compensation award, and may not, therefore, be maintained by plaintiff, the sole dependent and next of kin of the deceased.

The question for decision is whether a tortfeasor in an action by an administrator under section 119 of the Decedent Estate Law (Cons. Laws, ch. 13) to recover damages sustained by the deceased prior to death may invoke by way of defense the provisions of section 29 of the Workmen's Compensation Law.

The decision must turn upon the construction to be given to section 29, which, so far as is here pertinent, provides as follows: "1. If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, need not elect whether to take compensation under this chapter or to pursue his remedy against such other but may take such compensation and at any time either prior thereto or within six months after the awarding of compensation, pursue his remedy against such other subject to the provisions of this section. If such injured employee, or in case of death, his dependents, take or intend to take com-

pensation under this chapter and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues. In such case, the state insurance fund, if compensation be payable therefrom, and otherwise the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier. Notice of the commencement of such action shall be given within thirty days thereafter to the commissioner, the employer and the insurance carrier upon a form prescribed by the commissioner.

"2. If such injured employee, or in case of death, his dependents, has taken compensation under this chapter but has failed to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation. If such fund, person, association, corporation or carrier, as such an assignee, recover from such other, either by judgment, settlement or otherwise, a sum in excess of the total amount of compensation awarded to such injured employee or his dependents and the expenses for medical treatment paid by it, together with the reasonable and necessary expenditures incurred in effecting such recovery, it shall forthwith pay to such injured employee or his dependents, as the case may be, two-thirds of such excess, and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of such employee or his dependents. * * *."

Does this section regulate merely the relations between the injured party or his dependents and the persons liable for the payment of compensation award (see *McCue* v. *Shea Co., Inc.,* 175 Misc. Rep. 557; affd., 260 App. Div. 946; *Calagna* v. *Sheppard-Pollak, Inc.,* 177 Misc. Rep. 576; revd., 264 App. Div. 589), or is it applicable to actions against the wrongdoer?

It is clear that the injured employee, under the wording of the section as amended in 1937, is not required to elect between the taking of compensation and the pursuit of his remedies against a tortfeasor not in the same employ. The time, however, within which suit may be brought against the wrongdoer is limited to the prescribed statutory period. The State Insurance Fund or the insurance carrier is given a lien on the proceeds of the recovery in suits which are timely brought. The failure to institute the action within the statutory period automatically vests the cause of action against the wrongdoer in the person liable for the payment of compensation. Following such statutory assignment, the remedy against the tortfeasor can only be pursued by the assignee (cf. *Lunn* v. *Andrews,* 152 Misc. Rep. 568; affd., 243 App. Div. 654; affd., 268 N. Y. 538), but the injured employee is given a beneficial interest to the extent of two-thirds in any recovery in excess of the compensation award and medical and legal expenses.

The difficult problem of construction arises when the injured employee dies. The statute speaks of the taking of compensation and the pursuit of the employee's remedy by his dependents. The term ''dependents'' is obviously a word of art referring to a defined group of persons who may claim the compensation award. (Workmen's Compensation Law, § 2, subd. 6; § 16; *Matter of Zirpola* v. *Casselman, Inc.,* 237 N. Y. 367; *Van Wormer* v. *Arnold,* 255 App. Div. 233.) The action against a tortfeasor cannot be directly brought by dependents. The cause of action for personal injuries prior to death is vested in the executor or administrator by section 119 of the Decedent Estate Law and the recovery forms part of the estate of the deceased. (Decedent Estate Law, § 120.) The action for wrongful death under sections 130 and 133 of the Decedent Estate Law may be maintained by the executor or administrator for the benefit of the next of kin. It is rather anomalous, therefore, to provide that the dependents need not elect whether to take compensation or to pursue the remedy of the deceased when in fact the cause of action against the tortfeasor is not vested in the dependents. Equally anomalous would have been a provision obviating the necessity for an election by the executor, acting for the estate, or the next of kin, since compensation may only be claimed by the statutory dependents.

It appears clear that where there is no identity in the constituency of the dependent and next-of-kin group, section 29 does not bar the action against the wrongdoer by the non-dependent beneficiary. (*Matter of Zirpola* v. *Casselman, Inc.,*

*supra; U. S. Fidelity & G. Co.* v. *Graham & Norton Co.,* 254 N. Y. 50.) Where, however, the dependent is the sole beneficiary of the deceased's estate or his sole next of kin, as here, it would appear that there is no impediment to the application of section 29. (*Matter of Zirpola* v. *Casselman, Inc., supra,* at page 375.)

Despite the unfortunate wording of this section (*Travelers Ins. Co.* v. *Padula,* 224 N. Y. 397, 402), it is apparent that the Legislature intended it to apply to the case of death. In the final analysis, the question resolves itself into whether the court should seek to effectuate the manifest intention of the Legislature or whether it must hold that the unhappy phraseology of the statute precludes such effectuation. To apply the statute to the case where the dependent receiving the compensation award is the same as the beneficiary of the action against the wrongdoer gives effect to the legislative purpose without doing violence to the words of the statute. This, I believe, is the proper construction to be placed upon section 29.

That a third person whose negligence caused the injuries for which compensation was paid may invoke the provisions of section 29 of the Workmen's Compensation Law in an action against him by the dependents has now been authoritatively determined by the Appellate Division of this Department in a ruling announced while this opinion was in preparation. (*Calagna* v. *Sheppard-Pollak, Inc., supra.*) The court rejected the contrary interpretation of the statute by Special Term (*Calagna* v. *Sheppard-Pollack, Inc.,* 177 Misc. Rep. 576) and distinguished *McCue* v. *Shea Co., Inc., (supra)* on its facts. This decision must control the disposition of the present motions.

It is alleged in the complaint that the administratrix, who received limited letters of administration on April 17, 1940, commenced an action against these defendants on June 27, 1940, under section 130 of the Decedent Estate Law for wrongful death and that a trial on January 6–8, 1942, resulted in a judgment for $14,674.50. It is averred that the questions of negligence and contributory negligence between the plaintiff and the defendants, having been litigated in the prior action, are *res judicata* and cannot be relitigated in the present suit. The defendants in their answer deny that this action "arose out of and was founded upon the same facts and circumstances as set forth in the complaint herein." The plaintiff moves to strike out this paragraph of the answer as sham.

In the wrongful death action, the burden of establishing contributory negligence is upon the defendants. (Decedent Estate Law, § 131.) The plaintiff in an action for injuries

sustained prior to death must prove freedom from contributory negligence. (*Nilson* v. *Oppenheimer*, 260 App. Div. 670; affd., 285 N. Y. 824.) The burden of proof differing in the two actions, the first determination manifestly is not *res judicata*. (*United States Fire Ins. Co.* v. *Adirondack Power & Light Co.*, 206 App. Div. 584; cf. *Lipkind* v. *Ward*, 256 App. Div. 74.) It follows, therefore, that the motion must be denied.