Hill, P. J.
(dissenting). Appellant, Thomas Kelleher, as administrator, etc. of Michael Kelleher, deceased, has brought an action under article 5 of the Decedent Estate Law to recover damages against the City of New York arising out of the death of the administrator’s father, the intestate, which resulted according to the allegations of the complaint, from the negligence of the defendant city; its employees and agents. He appeals from an award and decision of the Workmen’s Compensation Board which determined that the intestate came to his' death while engaged in the regular course of his employment and while working for his employer the City of New York, and which denied a review upon the ground that the administrator “ is not a party in interest and therefore has no standing before the Workmen’s Compensation Board.” An award of $500 to the Rehabilitation Fund and- $1,500 to the Fund for Reopened Cases has been made.
The issue here is not comparable with an award made in a case where an action for negligence may be maintained against a third party, for if this intestate was an employee of the city and his death followed an injury received in the course of his employment and arising therefrom, the remedy under compensation is exclusive. Upon the other hand if, as claimed by the appellant, the intestate was not at the time of his injury in the employ of the city, and if his death did not *411 result from an injury received in the course of and arising out of his employment, the Workmen’s Compensation Board .has no jurisdiction or function in connection with the action brought under the Decedent Estate Law.
The Workmen’s Compensation statutes were enacted under section 18 of article I of the Constitution of the State of New York. It provides in part: “ Nothing contained in this constitution shall be construed to limit the power of the legislature to enact laws for the protection of the lives, health, or safety of employees; or for the payment * * * of compensation for injuries to employees or for death of employees resulting from such injuries without regard to fault as a cause thereof * * * or to provide that the right to such compensation, and the remedy therefor shall be exclusive of all other rights and remedies for injuries to employees or for death resulting from such injuries * * * ”.
It is asserted by the appellant that while intestate was regularly employed by the city, he was not so employed at the time of the injury but had started upon a vacation two or three days earlier. That is sustained by the first report of injury signed by the city which, in answer to the question “ Describe fully how accident occurred, and state what employee was doing when injured ” stated, “ employee had started vacation on May 16, 1945 — and was on vacation when accident occurred — employee was struck by bus.” An attorney representing the administrator stated to the hearing commissioner, “ My contention is that this tribunal has no jurisdiction on the ground that the injury and death did not arise out of nor did death occur in the course of the employment. I have facts to substantiate that view, if you will please listen to them.” After a colloquy the referee ruled, “ Then you (sic) request that the case be put over pending outcome of the common-law action is denied ”.
The Supreme Court has general jurisdiction in all matters in law and equity (New York Const., art. VI, § 1). The giving of additional jurisdiction to other tribunals does not diminish the general jurisdiction of the Supreme Court. (Barone v. Ætna Life Ins. Co., 260 N. Y. 410.) The Workmen’s Compensation Board may not deprive the son, next of kin of intestate, of his right to maintain an action for damages in the Supreme Court unless the intestate was injured in the course of his employment by defendant. (U. S. Fidelity & Guaranty Co. v. Graham & Norton Co., 254 N. Y. 50; Streeter v. Graham & Norton Co., 263 N. Y. 39; VanWormer v. Arnold, 255 App. Div. *412 233.) The board being without power to determine the rights of the next of kin who were not dependents under the Workmen’s Compensation Law, should have awaited determination of the Supreme Court upon the issue raised by- the administrator on behalf of next of kin not dependents under the Workmen’s Compensation Law. The city may not be made liable as an employer and also for negligence. The Workmen’s Compensation Board may not deny a son the right to his statutory cause of action without a hearing, and it is without jurisdiction to determine the rights of next of kin if the injury was received outside the employment by the city.
The- decision should be reversed and the matter remitted to the Workmen’s Compensation Board to await a determination of the action now pending in the Supreme Court.
Foster and Russell, JJ., concur with Heffernan, J.; Hill, P. J., dissents and votes to reverse the award and remit the matter to the board to be held pending the determination of the action in the Supreme Court, in an opinion in which Brewster, J., concurs.
Appeal of the administrator dismissed, without costs.