OPINION
HOWARD, Chief Judge.
If an employee is injured in the course of his employment by a third party, applies for and receives workmen’s compensation benefits and then dies without leaving dependents, can his personal representative pursue a claim for wrongful death under A.R.S. § 12-611? That is the issue to be resolved here.
Petitioner Firestone Tire and Rubber Company brings this special action to challenge the respondent court’s granting of a motion to substitute the real parties in interest as plaintiffs in the lower court and the court’s denial of its motion for summary judgment. We have decided to accept jurisdiction in this case because we have been presented with a narrow, legal question of first impression in this state. The question is appropriately framed and turns entirely on legal principles rather than controverted issues of fact. Additionally, it is a matter of important public interest. Therefore, special action jurisdiction is appropriate. See University of Arizona Health Sciences Center v. Superior Court, 136 Ariz. 579, 667 P.2d 1294 (1983).
Prior to his death on February 6, 1983, Tony Martinez was the named plaintiff in the Pima County Superior Court case of Martinez v. Goodyear Tire & Rubber Company. The allegation of the complaint was that Martinez was injured on February 18, 1980, by a product manufactured by Goodyear. On October 13, 1981, the complaint was amended to add petitioner Firestone as a defendant. Martinez sustained an injury as a result of an accident arising out of his employment and was entitled to and did accept workmen’s compensation benefits in excess of $113,000 pursuant to A.R.S. § 23-901 et seq., the Workmen’s Compensation Act. Following Martinez’ death, a motion to substitute his personal representative as the plaintiff was filed. The motion was opposed by petitioners on the basis that only a “dependent” was authorized to maintain an action under A.R.S. § 23-1023 and Martinez left no wife, children or other dependents within the meaning of the act. Additionally, petitioners filed a motion for summary judgment on the basis that since no dependents existed, the action had abated. On August 4, 1983, the respondent court granted the motion to substitute the personal representative as plaintiff and denied petitioners’ motion for summary judgment, the rulings giving rise to this special action.
A.R.S. § 23-1023 provides:
“A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, may pursue his remedy against such other person.
B. If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof, or may be reassigned in its entirety to the employee or his dependents. After the reassignment, *332 the employee entitled to compensation, or his dependents, shall have the same rights to pursue the claim as if it had been filed within the first year.
C. If he proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier or other person liable to pay the claim shall have a lien on the amount actually collectable from such other person to the extent of such compensation and medical, surgical and hospital benefits paid. This lien shall not be subject to a collection fee. The amount actually collectable shall be the total recovery less the reasonable and necessary expenses, including attorney’s fees, actually expended in securing such recovery. The insurance carrier or person shall contribute only the deficiency between the amount actually collected and the compensation and medical, surgical and hospital benefits provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation and medical, surgical and hospital benefits provided for shall be made only with written approval of the compensation fund, or of the person liable to pay the claim.” (Emphasis added)
The word “dependents” as used in A.R.S. § 23-1023 is a word of art referring to the group of persons who may claim death benefits under A.R.S. § 23-1046. Cf. Lappin v. National Container Corp., et al., 179 Misc. 109, 37 N.Y.S.2d 800 (1942). The main purpose of A.R.S. § 23-1023 is to allow the person who is entitled to a compensation award to collect the award and, concurrently, sue the third-party tortfeasor. See 2A Larson’s Workmen’s Compensation Law § 71.10. It also protects the entity which provides the workmen’s compensation by giving it a lien on collectible sums and an assignment of the cause of action if the employee or his dependents do not sue the third party within one year from the time the cause of action accrues. Except for subparagraph B, the statute does not purport to describe who may bring a wrongful death action under A.R.S. § 12-611. The statute which governs that is § 12-612 which provides:
“A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent’s estate.
B. Either parent may maintain the action for death of a child, and the guardian for death of his ward.
* * * ))
The death of the employee without any dependents does not act to abate an action previously filed against the third party, nor does it prevent the filing of a wrongful death action under A.R.S. §§ 12-611 and 12-612. The trial court did not err in substituting the personal representative.
Relief denied.
HATHAWAY and BIRDSALL, JJ., concur.