■ LINCOLN SAVINGS BANK, FSB, Respondent, v RALPH WYNN, Appellant, et al., Defendants. S & K PROPERTIES, LLC, et al., Nonparty Respondents. [776 NYS2d 908]—

In an action to foreclose a mortgage, the defendant Ralph Wynn appeals from (1) an order of the Supreme Court, Nassau County (Segal, J.), dated June 24, 2003, which, inter alia, denied his motion, among other things, to vacate a judgment of foreclosure and sale dated February 20, 1992, and to cancel a scheduled foreclosure sale, and (2) an order of the same court dated September 25, 2003, which denied his motion, inter alia, to stay a related summary proceeding pending in the District Court, Nassau County.

Ordered that the orders are affirmed, with one bill of costs.

In 1990 the plaintiff commenced this mortgage foreclosure action against, among others, the appellant and Prathia Wynn, his former wife, and obtained a judgment of foreclosure and sale in February 1992. Through a series of assignments, the judgment was assigned to Ms. Wynn, who had sold her interest in

the property to the appellant when they were divorced in 1985. On July 8, 2002, Ms. Wynn assigned her interest in the foreclosure action to Scarison, Inc. (hereinafter Scarison), and David Ney. She died on August 12, 2002. A foreclosure sale was held on March 27, 2003, at which Scarison and Ney were the successful bidders. They subsequently obtained a deed from the referee appointed to sell the property. A summary proceeding was then commenced in the District Court, Nassau County, against the appellant and others to recover possession of the property. The Supreme Court, among other things, denied the appellant's motion, made before the foreclosure sale, inter alia, to vacate the judgment and cancel the scheduled sale, and denied the appellant's subsequent motion, inter alia, to stay the summary proceeding. We affirm.

Contrary to the appellant's contention, the foreclosure sale was not a nullity due to Ms. Wynn's death. Prior to her death, she assigned her interest in this action to Scarison, Inc., and Ney. The action could be continued by them without a formal substitution (see CPLR 1018; Central Fed. Sav. v 405 W. 45th St., 242 AD2d 512 [1997]).

The appellant's remaining contentions are without merit. Altman, J.P., S. Miller, Luciano and Crane, JJ., concur.