Wᴇʟʟs Fᴀʀɢᴏ Bᴀɴᴋ, N.A., as Trustee, in Trust for the Regis-
tered Holders of Park Place Securities, Inc., Asset-Backed
Pass-Through Certificates, Series 2005-WCW1, Respon-
dent, v Dᴏʀᴏɴ Eɪᴛᴀɴɪ et al., Defendants, and Dᴀᴠɪᴅ Cᴏ-
ʜᴀɴ, Appellant.

Second Department, February 8, 2017

## APPEARANCES OF COUNSEL

*Warner & Scheuerman*, New York City (*Jonathon D. Warner* and *Karl E. Scheuerman* of counsel), for appellant.

*McGlinchey Stafford, PLLC*, New York City (*Edward E. Groves* of counsel), for respondent.

## OPINION OF THE COURT

MALTESE, J.

On this appeal, we are asked to answer two questions with

respect to whether CPLR 205 (a) protects the plaintiff in this mortgage foreclosure action from the preclusive consequence of the statute of limitations.

Under certain conditions, CPLR 205 (a) provides an additional six months in which to recommence a prior action that has been dismissed on grounds other than voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute, or a final judgment on the merits. The first question in this case is whether a prior action to foreclose the same mortgage was dismissed for neglect to prosecute, a category of dismissal that renders CPLR 205 (a) inapplicable. We answer this question in the negative, concluding that the prior action was not dismissed for neglect to prosecute.

The second question is more novel. We must determine whether the plaintiff in this mortgage foreclosure action, which was assigned the note and mortgage during the pendency of the prior foreclosure action, is entitled to the savings provision—or grace period—of CPLR 205 (a) even though the prior action was commenced by a prior holder of the note. For the reasons that follow, we conclude that a plaintiff in a mortgage foreclosure action which meets all of the other requirements of the statute is entitled to the benefit of CPLR 205 (a) where, as here, it is the successor in interest as the current holder of the note.

Factual and Procedural Background

On May 20, 2005, the defendant Doron Eitani of Miami, Florida, purchased a residential property located at 2920 Avenue N in Brooklyn. In order to finance the purchase, Eitani executed and delivered an adjustable rate note to Argent Mortgage Company, LLC (hereinafter Argent), wherein Eitani promised to repay the sum of $560,000, with interest. The note was secured by a mortgage on the property.

Just three months after closing on the house, Eitani defaulted on the note and mortgage. By letter dated September 2, 2005, the servicer for the subject loan, Countrywide Home Loans Servicing LP, advised Eitani that the loan was in default and, if the default was not cured by October 7, 2005, "the mortgage payments [would] be accelerated with the full amount remaining accelerated and becoming due and payable in full." To date, Eitani has failed to cure the default. Thus, the subject mortgage loan has been in default for more than 11 years.

On or about November 16, 2005, Argent commenced a foreclosure action (hereinafter the prior action). On June 6,

2008, after unsuccessful attempts to resolve the default, Argent obtained an order of reference based upon Eitani's default in answering the complaint. However, Argent did not obtain a judgment of foreclosure and sale.

During the course of the prior action, and the mortgage foreclosure crisis of 2008, Argent assigned and delivered the subject note and mortgage to Wells Fargo Bank, N.A., as trustee, in trust for the registered holders of Park Place Securities, Inc., asset-backed pass-through certificates, series 2005-WCW1 (hereinafter Wells Fargo), as reflected in an assignment dated January 24, 2008, and recorded on February 14, 2008.

On March 23, 2011, while the prior action was still pending, Eitani conveyed by deed the subject property to the defendant-appellant, David Cohan, who then became the owner of record.

On March 2, 2012, Shapiro, DiCaro & Barak, LLP, of Rochester, were substituted for Steven J. Baum, P.C., of Amherst, as attorneys for the plaintiff.

On August 1, 2013, the Administrative Judge for Civil Matters in the Supreme Court, Kings County, on a routine clearing of the docket, issued an order directing dismissal of the prior action "as abandoned pursuant to CPLR 3215 (c), without costs or prejudice." While the handwritten caption of the form dismissal order listed Argent as the plaintiff, at that time Wells Fargo had been the holder of the note and mortgage for well over five years.

Less than four months later, on November 25, 2013, Wells Fargo, the holder of the note and mortgage, commenced the instant foreclosure action in accordance with CPLR 205 (a). Once again, Eitani failed to appear in the action.

David Cohan, the current owner of the property, first appeared in the instant action by moving pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him on the ground that it was time-barred. Cohan argued that the action was time-barred by the applicable six-year statute of limitations because it was commenced more than eight years after the mortgage was accelerated in 2005.

In opposition, Wells Fargo, which became the holder of the note and mortgage long before the prior action was dismissed, argued that the action is not time-barred because, pursuant to the savings provision of CPLR 205 (a), the instant action was timely "recommenced" within six months of the prior action's dismissal.

In reply, Cohan contended that the savings provision of CPLR 205 (a) was not available to Wells Fargo both because the prior action was dismissed for failure to prosecute, and because Wells Fargo was not the plaintiff in that action.

The Supreme Court denied Cohan's motion, concluding that CPLR 205 (a) was applicable and thus the action was timely commenced within six months of dismissal of the prior action. Cohan appeals.

Discussion

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (*see Ross v Jamaica Hosp. Med. Ctr.*, 122 AD3d 607, 608 [2014]; *Landow v Snow Becker Krauss, P.C.*, 111 AD3d 795, 796 [2013]; *Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768, 768-769 [2012]). As a general matter, an action to foreclose a mortgage is subject to a six-year statute of limitations (*see* CPLR 213 [4]; *Yeshiva Chasdei Torah v Dell Equity, LLC*, 90 AD3d 746, 746 [2011]). Here, Cohan met his prima facie burden by demonstrating that the statute of limitations began to run in October or November 2005, when Argent, Wells Fargo's predecessor in interest, accelerated the mortgage debt owed by the defendant Eitani (*see Wells Fargo Bank, N.A. v Burke*, 94 AD3d 980, 982 [2012]; *Koeppel v Carlandia Corp.*, 21 AD3d 884, 884 [2005]; *EMC Mtge. Corp. v Smith*, 18 AD3d 602, 603 [2005]; *Clayton Natl. v Guldi*, 307 AD2d 982, 982 [2003]), and that the instant action was commenced in November 2013, more than six years later.

However, in opposition to Cohan's prima facie showing, Wells Fargo established that the action was timely commenced pursuant to the savings provision of CPLR 205 (a).

CPLR 205 (a) provides, in pertinent part, that:

"[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination provided that the new action would

> have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

The facts herein meet the requirements of CPLR 205 (a) in that: (1) there is no dispute that this action would have been timely commenced when the prior action was commenced in 2005; (2) the moving defendant, Cohan, was served within the six-month period after the prior action was dismissed; and (3) this action is based on the same occurrence as the prior action, namely the default on the payment obligations under the note and mortgage. Further, it is undisputed that the dismissal of the prior action was not based upon a voluntary discontinuance, lack of personal jurisdiction, or a final judgment on the merits (see CPLR 205 [a]).

Cohan focuses on just two aspects of CPLR 205 (a). He contends that Wells Fargo, the plaintiff in the instant action, is not entitled to the grace period set forth in CPLR 205 (a) because (1) the prior action was dismissed on the basis of "neglect to prosecute," and (2) Wells Fargo is not the plaintiff that commenced the prior action. In our view, the Supreme Court properly rejected these contentions and denied Cohan's motion to dismiss the complaint as time-barred.

I. The prior dismissal was not based on a neglect to prosecute

■ Pursuant to a statutory amendment which took effect in 2008, CPLR 205 (a) provides that: "Where a dismissal is one for neglect to prosecute the action made pursuant to [CPLR 3216] or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (see Marrero v Crystal Nails, 114 AD3d 101 [2013]). Here, the prior action was dismissed "without costs or prejudice" in 2013, well after the effective date of the amendment, on the basis that it was "abandoned pursuant to CPLR 3215 (c)," not CPLR 3216. Tracking the language of CPLR 3215 (c), the order of dismissal simply stated that the plaintiff "failed to proceed to entry of judgment within one year of default," and that "[t]ime spent prior to discharge from [a] mandatory settlement conference [was not] computed in calculating the one year period." The order did not include any findings of specific conduct demonstrating "a general pattern of delay in proceeding with the litigation" (CPLR 205 [a]; see Marrero v Crystal Nails, 114 AD3d at 111). Thus, the Supreme Court cor-

rectly determined that the order of dismissal was not based on a neglect to prosecute (*see* CPLR 205 [a]; *compare U.S. Bank N.A. v Dellarmo*, 128 AD3d 680, 681 [2015], *with Webb v Greater N.Y. Auto. Dealers Assn., Inc.*, 123 AD3d 1111, 1112 [2014]; *cf. Marrero v Crystal Nails*, 114 AD3d 101 [2013]). Moreover, by dismissing the prior action under CPLR 3215 (c) "without costs or prejudice," the court permitted the plaintiff to avail itself of CPLR 205 (a) to recommence the foreclosure action (*see Bread & Butter, LLC v Certain Underwriters at Lloyd's, London*, 78 AD3d 1099, 1101 [2010]).

II. Wells Fargo, as successor in interest to Argent's rights under the subject note and mortgage, is entitled to the savings provision of CPLR 205 (a)

■ Cohan contends that Wells Fargo, the plaintiff in the present action, is not entitled to the benefit of CPLR 205 (a) because it was not the plaintiff in the prior action. However, this argument overlooks the fact that when Argent transferred the note and mortgage to Wells Fargo on January 24, 2008, and recorded the assignment on February 14, 2008, Wells Fargo became Argent's successor in interest with respect to the right to foreclose under the note and mortgage (*see generally YMJ Meserole, LLC v 98 Meserole St., LLC*, 133 AD3d 848 [2015]; *Central Fed. Sav. v 405 W. 45th St.*, 242 AD2d 512 [1997]). As the assignee of the mortgage, Wells Fargo had a statutory right, pursuant to CPLR 1018, to continue the prior action in Argent's place, even in the absence of a formal substitution (*see* CPLR 1018; *U.S. Bank N.A. v Akande*, 136 AD3d 887, 889 [2016]; *Brighton BK, LLC v Kurbatsky*, 131 AD3d 1000, 1001 [2015]; *Central Fed. Sav. v 405 W. 45th St.*, 242 AD2d 512 [1997]). Since, by virtue of CPLR 1018, the prior action could have been continued by Argent's successor in interest, Wells Fargo was, in actuality, the true party plaintiff in the prior action, and is entitled to the benefit of CPLR 205 (a). This conclusion is in keeping with the remedial purpose of CPLR 205 (a) and the legislative intent underlying enactment of the statute.

"Tracing its roots to seventeenth century England, the remedial concept embodied in CPLR 205 (a) has existed in New York law since at least 1788" (*Reliance Ins. Co. v PolyVision Corp.*, 9 NY3d 52, 56 [2007], citing *Gaines v City of New York*, 215 NY 533, 537-538 [1915]; *see Malay v City of Syracuse*, 25 NY3d 323, 327 [2015]). Savings statutes like this one are "an outgrowth of the ancient common-law rule of 'journey's ac-

count,' " a period "allowed to permit a party, whose action had abated for matter of form, a reasonable time within which to journey to court to sue out a new writ" (*Baker v Cohn*, 266 App Div 236, 239 [1943]; *see Doyle v American Home Prods. Corp.*, 583 F3d 167, 171 [2d Cir 2009]).

CPLR 205 (a) and its predecessors were "designed to insure to the diligent suitor the right to a hearing in court [until he or she] reaches a judgment on the merits" (*Gaines v City of New York*, 215 NY at 539; *see Malay v City of Syracuse*, 25 NY3d at 327). The "core purpose" of the statute is to provide "a genuine bite at the apple" (*Matter of Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160, 164 [1996]), by "remedying what might otherwise be the harsh consequence of applying a limitations period where the defending party has had timely notice of the action" (*Matter of Goldstein v New York State Urban Dev. Corp.*, 13 NY3d 511, 521 [2009]; *see Malay v City of Syracuse*, 25 NY3d at 327). In other words, CPLR 205 (a) provides "a second opportunity to the claimant who has failed the first time around because of some error pertaining neither to the claimant's willingness to prosecute in a timely fashion nor to the merits of the underlying claim" (*George v Mt. Sinai Hosp.*, 47 NY2d 170, 178-179 [1979]; *see Carrick v Central Gen. Hosp.*, 51 NY2d 242, 245-246, 249-253 [1980]; *Matter of Morris Invs. v Commissioner of Fin. of City of N.Y.*, 121 AD2d 221, 225 [1986], *affd* 69 NY2d 933 [1987]; *Ivory v Ekstrom*, 98 AD2d 763, 764 [1983]; *Doyle v American Home Prods. Corp.*, 583 F3d at 171).

The Court of Appeals has recently reaffirmed that the statute's " 'broad and liberal purpose is not to be frittered away by any narrow construction' " (*Malay v City of Syracuse*, 25 NY3d at 327, quoting *Gaines v City of New York*, 215 NY at 539).

In support of his position that CPLR 205 (a) is inapplicable in this action simply because a predecessor in interest holder of the note and mortgage commenced the prior action, Cohan relies heavily on *Reliance Ins. Co. v PolyVision Corp.* (9 NY3d 52 [2007]), decided by the Court of Appeals in 2007. In *Reliance*, the Court observed that, pursuant to the plain language of the statute, the benefit provided by CPLR 205 (a) is explicitly bestowed on " 'the plaintiff' who prosecuted the initial action," or, under certain circumstances, the executor or administrator of a deceased plaintiff's estate (*Reliance Ins. Co. v PolyVision Corp.*, 9 NY3d at 57). The Court of Appeals observed that, outside of this representative context, it had not previously

read "the plaintiff" to include an individual or entity other than the original plaintiff, citing its prior holding that " '[*u*]*su-ally* . . . the fact that one party commenced an action which is subsequently dismissed, will not serve to justify application of [CPLR 205 (a)] so as to support a later action by a different [party]' " (*id.* at 57, quoting *George v Mt. Sinai Hosp.*, 47 NY2d at 179 [emphasis added]). As the Court of Appeals pointed out, it is generally only the original plaintiff who is afforded the benefit of CPLR 205 (a). However, the instant case is distinguishable from *Reliance* and represents what may be a rare circumstance in which dismissal of a prior action commenced by a different party plaintiff justifies application of CPLR 205 (a) to recommencement by a successor in interest to the prior plaintiff (*cf. George v Mt. Sinai Hosp.*, 47 NY2d at 179).

In *Reliance*, the United States Court of Appeals for the Second Circuit asked the New York Court of Appeals a very specific question: Does CPLR 205 (a) permit "a corporation to refile an action originally commenced in the name of a different, related corporate entity and subsequently dismissed for naming the wrong plaintiff[?]" (*Reliance Ins. Co. v PolyVision Corp.*, 9 NY3d at 54). The Court of Appeals answered that question in the negative, reasoning that the application of CPLR 205 (a) to " 'a different party plaintiff, representing in part *different interests*, would require the placing of a construction upon the section plainly beyond its intent and purpose' " (*Reliance Ins. Co. v PolyVision Corp.*, 9 NY3d at 57, quoting *Streeter v Graham & Norton Co.*, 263 NY 39, 44 [1933] [emphasis added]). The Court found that the related, but different, corporate entity in *Reliance* was seeking to enforce "its own, *separate* rights, rather than the rights of the plaintiff in the original action" (*Reliance Ins. Co. v PolyVision Corp.*, 9 NY3d at 57 [emphasis added]). The Court of Appeals was concerned about the "potential" ramifications of a "rule allowing a 'different, related corporate entity' the benefit of the statutory grace period [under CPLR 205 (a)], not knowing precisely what that means or portends. What may be a genuine corporate twin or alter ego in one case could be a far-flung affiliate in another" (*id.* at 58).

Contrary to Cohan's contention, the holding in *Reliance* does not preclude the application of CPLR 205 (a) in this case, where the successor in interest as the holder of the note and mortgage seeks to recommence a foreclosure action originally commenced by a prior holder of the same note and mortgage, which

transferred the note and mortgage to the successor in interest *before* the prior action was dismissed.

Even at first blush, the rationale employed in *Reliance* does not fit the situation presented here. Although the named plaintiff in the 2005 complaint (Argent) and the named plaintiff in this action (Wells Fargo) are different entities, they each brought suit to enforce the very same right—i.e., to foreclose on the subject property based on the same default on the subject note and mortgage. Stated simply, Wells Fargo became Argent's successor in interest in 2008, when it became the holder of the subject note and mortgage during the pendency of prior action, and the same rights are "sought to be vindicated" in both actions (*Reliance Ins. Co. v PolyVision Corp.*, 9 NY3d at 57-58; *see Producers Releasing Corp. v Pathe Indus.*, 184 F2d 1021, 1023 [2d Cir 1950]; *cf. ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc.*, 52 Misc 3d 343, 350-351 [Sup Ct, New York County 2016]).

Unlike corporate affiliates seeking to enforce different interests (*see Reliance Ins. Co. v PolyVision Corp.*, 9 NY3d at 58), Wells Fargo, the current holder of the note and mortgage, is not seeking to enforce any rights separate and independent from those asserted by Argent in the prior action.

Further, by affording Wells Fargo the benefit of the six-month grace period, the Supreme Court properly used CPLR 205 (a) for its intended purpose of "prevent[ing] the general statute of limitations from barring recovery because a court has ordered a timely action to be terminated for some technical defect that can be remedied in a new one" (*Graziano v Pennell*, 371 F2d 761, 763 [2d Cir 1967]; *see Chase Manhattan Bank v Wolowitz*, 272 AD2d 428, 429 [2000]; *Doyle v American Home Prod. Corp.*, 583 F3d at 171). Argent and Wells Fargo share the same interest, or "claim," in this matter: to enforce the rights under the note and mortgage by obtaining a judgment of foreclosure and sale. Allowing Wells Fargo to benefit from the savings provision of CPLR 205 (a) fairly provides a "second opportunity" to enforce those rights (*George v Mt. Sinai Hosp.*, 47 NY2d at 178-179).

Additionally, as noted above, "an assignee of a mortgage can continue an action in the name of the original mortgagee, even in the absence of a formal substitution" (*Central Fed. Sav. v 405 W. 45th St.*, 242 AD2d at 512; *see* CPLR 1018; *CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759, 761 [2011]; *see also HSBC Guyerzeller Bank AG v Chascona N.V.*, 66 AD3d 488, 489

[2009]). Wells Fargo, as the assignee of the note and mortgage, was essentially the plaintiff in the prior action when it was dismissed. Thus, the result achieved by our decision in this case is entirely consistent with the purpose of CPLR 205 (a), to remedy "what might otherwise be the harsh consequence of applying a limitations period where the defending party has had timely notice of the action" (*Matter of Goldstein v New York State Urban Dev. Corp.*, 13 NY3d at 521; *see Malay v City of Syracuse*, 25 NY3d at 327; *Gaines v City of New York*, 215 NY at 539).

Conclusion

The Supreme Court correctly determined that Wells Fargo is entitled to the savings provision of CPLR 205 (a). Since Wells Fargo commenced the instant foreclosure action within six months of the dismissal of the prior action, the action is not barred by the statute of limitations. The court therefore properly denied Cohan's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him.

Accordingly, the order is affirmed.

LEVENTHAL, J. (dissenting and voting to reverse the order appealed from, on the law, and grant the motion of the defendant David Cohan pursuant to CPLR 3211 [a] [5] to dismiss the complaint insofar as asserted against him as time-barred, with the following memorandum). The majority holds that CPLR 205 (a) applies in this case where one party seeks to recommence a foreclosure action originally commenced by a different party. Because I believe that CPLR 205 (a) does not apply here, I respectfully dissent.

Background

By note dated May 20, 2005, the borrower Doron Eitani, in return for a loan received, promised to pay a principal sum plus interest to the lender Argent Mortgage Company, LLC (hereinafter Argent). The note was secured by a mortgage on property Eitani owned in Brooklyn.

By letter dated September 2, 2005, the servicer of the loan, on behalf of the holder of the note, wrote to Eitani. In that letter, the servicer stated that the loan was in default because required payments had not been made. The servicer wrote that if the default was not cured on or before October 7, 2005, the mortgage payments would be accelerated with the full amount remaining accelerated and becoming due and payable in full.

In or about November 2005, Argent commenced an action to foreclose the mortgage. Although Argent obtained an order of

reference dated June 6, 2008, the Supreme Court, by order dated August 1, 2013, dismissed the complaint as abandoned pursuant to CPLR 3215 (c) for failure to enter judgment within one year of the default. During the pendency of the action, Argent transferred the note and the mortgage to Wells Fargo Bank, N.A., as trustee, in trust for the registered holders of Park Place Securities, Inc., asset-backed pass-through certificates, series 2005-WCW1 (hereinafter Wells Fargo). Neither Argent nor Wells Fargo moved to substitute Wells Fargo for Argent as the plaintiff in that action. Also during the pendency of the action, Eitani conveyed the property to David Cohan.

On November 25, 2013, Wells Fargo commenced this action to foreclose the mortgage against, among other defendants, Cohan. Cohan moved pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the complaint insofar as asserted against him. Cohan argued that the complaint insofar as asserted against him was time-barred because the six-year statute of limitations began to run once the mortgage debt was accelerated, and Argent accelerated the debt more than eight years prior to Wells Fargo's filing of this action.

Wells Fargo opposed Cohan's motion, arguing that this action was not time-barred since CPLR 205 (a) applied and it had commenced this action within six months of the dismissal of the prior action.

Cohan argued, in reply, that CPLR 205 (a) did not apply because the complaint in the prior action was dismissed for neglect to prosecute, and that CPLR 205 (a) also did not apply because Wells Fargo was not the plaintiff in the prior action.

By order dated July 30, 2014, the Supreme Court denied Cohan's motion pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the complaint insofar as asserted against him. The court determined, in part:

> "Under the circumstances of this case the dismissal of the first action was not for a neglect to prosecute, pursuant to CPLR 3216 or otherwise, and, thus, CPLR 205 may be applied (*see Marrero v Crystal Nails*, 114 AD3d 101, 104 [2013]). Significantly, in the first action, plaintiff obtained a default judgment and Order of Reference on June 6, 2008 (*Klein v St. Cyprian Props., Inc.*, 100 AD3d 711 [2012]; *Home Sav. of Am., F.A. v Gkanios*, 230 AD2d 770 [1996]) and a general pattern of delay in proceed-

ing with the litigation had not been demonstrated (CPLR 205 [a]).” (2014 NY Slip Op 33820(U) [2014]).

Cohan now appeals.

This Appeal

“On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired” (*Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]; *see Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768, 768-769 [2012]). If the moving defendant establishes, prima facie, that the time in which to commence the action has expired, the burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable (*see Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d at 769; *Baptiste v Harding-Marin*, 88 AD3d at 753).

A mortgage foreclosure action is subject to a six-year statute of limitations (*see* CPLR 213 [4]). Once a mortgage debt is accelerated, the entire amount becomes due and the statute of limitations begins to run on the entire debt (*see Wells Fargo Bank, N.A. v Burke*, 94 AD3d 980, 982 [2012]; *EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605 [2001]).

Here, Cohan established, prima facie, that the time in which to commence the action had expired. Cohan showed that the statute of limitations began to run when Argent accelerated the debt, and that the acceleration occurred more than six years prior to when Wells Fargo commenced this action on November 25, 2013. Thus, the burden shifted to Wells Fargo to raise a question of fact in opposition.

In opposition, Wells Fargo argued that CPLR 205 (a) applied. On appeal, Cohan argues, as he argued in the Supreme Court, that CPLR 205 (a) does not apply because the complaint in the prior action was dismissed for neglect to prosecute, and, further, that CPLR 205 (a) does not apply because Wells Fargo was not the plaintiff in the prior action.

CPLR 205 (a) provides:

> “(a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute

the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation."

Although I agree with the majority's conclusion that the Supreme Court correctly determined that the order of dismissal was not based on a neglect to prosecute, I disagree with the majority's conclusion that CPLR 205 (a) applies in this case where Wells Fargo seeks to recommence a foreclosure action originally commenced by Argent.

In *Reliance Ins. Co. v PolyVision Corp.* (9 NY3d 52 [2007]), the New York Court of Appeals, answering a certified question of the United States Court of Appeals for the Second Circuit, addressed whether CPLR 205 (a) allowed for commencement of a new action by an entity that was different from, but related to, the original corporate plaintiff (*see id.* at 57). The New York Court of Appeals stated:

"Turning first, as we must, to the text of the statute, we note that the benefit provided by the section is explicitly, and exclusively, bestowed on 'the plaintiff' who prosecuted the initial action. Only if 'the plaintiff' dies, and his or her cause of action survives, may the executor or administrator of a deceased plaintiff's estate commence a new action based on the same occurrence. Outside of this representative context, we have not read 'the plaintiff' to include an individual or entity other than the original plaintiff. In *George v Mt. Sinai Hosp.* (47 NY2d 170 [1979]), we permitted a suit to proceed under section 205 (a) even though it had

been improperly commenced in the decedent's own name after her death and then properly recommenced in the administratrix's name after the statute of limitations had expired. We observed, however, that '[u]sually, of course, the fact that one party commenced an action which is subsequently dismissed, will not serve to justify application of [CPLR 205 (a)] so as to support a later action by a different claimant' (*id.* at 179). Similarly, in *Streeter v Graham & Norton Co.* (263 NY 39, 44 [1933]), we noted: 'To grant the right conferred by [the statute] to a different party plaintiff, representing in part different interests, would require the placing of a construction upon the section plainly beyond its intent and purpose' " (*id.*).

In that action, Reliance Insurance Company (hereinafter RIC), which was the party seeking to apply CPLR 205 (a), was the parent corporation of Reliance Insurance Company of New York (hereinafter RNY), which was the plaintiff in the original action. RIC argued that, as the parent corporation of RNY, it was not an entirely different party than RNY, that the New York Court of Appeals never before had precluded a substitution of corporate plaintiffs, and that CPLR 205 (a) must be read generously to advance its remedial purpose (*see id.*). For reasons of policy and precedent, the New York Court of Appeals rejected RIC's conclusion (*see id.*). The Court explained:

"Pivotal here is that, unlike the scenario in *George*, RIC is seeking to enforce its own, separate rights, rather than the rights of the plaintiff in the original action. We agree with the conclusion of the District Court that '[t]he common thread running through cases applying CPLR 205 in cases where the error in the dismissed action lies only in the "identity" of the plaintiff, is the fact that it is the same person or entity whose rights are sought to be vindicated in both actions' (390 F Supp 2d 269, 273 [ED NY 2005][,] [*affd* 292 Fed Appx 106 (2008)]). As that court aptly stated, 'the plaintiff in the new lawsuit may appear in a different capacity, such as a duly appointed administrator, but the identity of the individual on whose behalf redress is sought, [must] remain[ ] the same' (*id.*). That is the situation the Legislature addressed in CPLR 205 (a), but that is not the case here. RIC is not RNY in a different capacity.

"To allow RIC to proceed also would open a new tributary in the law, presumably available to individuals as well as corporations, and breathe life into otherwise stale claims—some, like this one, going back nearly 20 years" (*id.* at 57-58).

In the case at bar, the identity of the entity on whose behalf redress is sought has not remained the same. Wells Fargo is not Argent in a different capacity. Following the holding in *Reliance,* then, CPLR 205 (a) does not apply here.

In an effort to distinguish *Reliance* from this case, the majority concludes that Argent and Wells Fargo, though different entities, each sued to enforce the same right in that each sought to foreclose on the subject property based on the alleged default on the note and mortgage. However, while Wells Fargo seeks the same relief that Argent sought, namely, to foreclose on the mortgage, Wells Fargo seeks not to vindicate Argent's rights but to vindicate Wells Fargo's rights.

The majority notes that, even absent a formal substitution, an assignee of a mortgage can continue an action in the name of the original mortgagee (*see Brighton BK, LLC v Kurbatsky,* 131 AD3d 1000, 1001 [2015]; *Lincoln Sav. Bank, FSB v Wynn,* 7 AD3d 760 [2004]; *Central Fed. Sav. v 405 W. 45th St.,* 242 AD2d 512 [1997]). Certainly, CPLR 1018 provides that "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." Here, however, the foreclosure action Argent commenced was dismissed. Wells Fargo is not continuing Argent's action in Argent's name, and Wells Fargo was not substituted for Argent in that action. Rather, Wells Fargo commenced this action after the time in which to commence an action had expired, and seeks to apply CPLR 205 (a) to toll the statute of limitations.

This Court is constrained to interpret CPLR 205 (a) in accordance with how it was written by the Legislature and how it has been interpreted by the Court of Appeals. The majority's interpretation of CPLR 205 (a) permits that statute to support later actions by different claimants. For instance, the majority's rationale would appear to allow an insurer to apply CPLR 205 (a) to toll the statute of limitations where the insurer seeks subrogation; after all, the insurer and its insured both seek to recover based on the same act of wrongdoing against the insured, just as Argent and Wells Fargo both seek to foreclose

based on the same default. However, " '[t]o grant the right conferred by [the statute] to a different party plaintiff, representing in part different interests, would require the placing of a construction upon the section plainly beyond its intent and purpose' " (*Reliance Ins. Co. v PolyVision Corp.*, 9 NY3d at 57, quoting *Streeter v Graham & Norton Co.*, 263 NY at 44).

Since I believe that CPLR 205 (a) does not apply here, I conclude that Wells Fargo failed to raise a question of fact as to whether the statute of limitations was tolled or otherwise was inapplicable. Accordingly, in my view the Supreme Court should have granted Cohan's motion pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the complaint insofar as asserted against him.

ENG, P.J., and CHAMBERS, J., concur with MALTESE, J.; LEVENTHAL and DUFFY, JJ., dissent in a separate opinion by LEVENTHAL, J.

Ordered that the order is affirmed, with costs.