WestVue NPL Trust II v Gokey (2019 NY Slip Op 06647)





WestVue NPL Trust II v Gokey


2019 NY Slip Op 06647


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-10130
 (Index No. 9067/15)

[*1]WestVue NPL Trust II, appellant,
v
Holly Gokey, respondent, et al., defendants.


Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellant.
Ugell Law Firm, P.C., New City, NY (Paul S. Cooper of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Orange County (Nicholas De Rosa, J.), dated August 14, 2017. The order, insofar as appealed from, granted that branch of the cross motion of the defendant Holly Gokey which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendant Holly Gokey which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred is denied.
In February 2007, the defendant Holly Gokey executed a note in the sum of $341,250 in favor of Lancaster Mortgage Bankers, LLC. The note was secured by a mortgage on residential property in Fort Montgomery. On May 12, 2009, the note and mortgage were assigned to GMAC Mortgage, LLC (hereinafter GMAC). On May 14, 2009, GMAC commenced an action (hereinafter the 2009 action) against Gokey, among others, to foreclose the mortgage. In the complaint, GMAC alleged that Gokey failed to make the monthly payment due January 1, 2009, and elected to call due the entire amount secured by the mortgage. Thereafter, the Supreme Court marked the matter withdrawn after the parties indicated at a status conference held on May 11, 2010, that a settlement had been reached and that Gokey would be signing a forbearance agreement. On May 14, 2010, Gokey signed the forbearance agreement, under which she agreed, inter alia, to make payments until May 16, 2011. She also added a handwritten amendment to the agreement, stating, inter alia, "[a]s demonstrated in court, there was no default at the time of filing of the summons." After a series of further assignments of the note and mortgage, the note and mortgage were assigned to the plaintiff.
On December 18, 2015, the plaintiff commenced the instant action against Gokey, among others, to foreclose the mortgage. Gokey interposed an answer in which she asserted various affirmative defenses and counterclaims, including the affirmative defense that the action was barred by the statute of limitations. In December 2016, the plaintiff moved, inter alia, to strike Gokey's answer and counterclaims and for an order of reference. Gokey cross-moved, inter alia, in effect, [*2]pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. The Supreme Court denied the plaintiff's motion and granted that branch of Gokey's cross motion which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. The plaintiff appeals from so much of the order as granted that branch of Gokey's cross motion.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197; see MLB Sub I, LLC v Grimes, 170 AD3d 992). Generally, a mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]; Wells Fargo Bank, N.A. v Eitani, 148 AD3d at 197). " The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Here, Gokey failed to meet her burden of establishing that the time in which to commence the action had expired. Although Gokey demonstrated that GMAC elected to accelerate the mortgage debt by commencing the 2009 action, and that the instant action was commenced more than six years later, her submissions otherwise revealed the existence of a triable issue of fact as to whether GMAC's election to accelerate the mortgage debt was invalid because she had not defaulted on her obligations under the note and mortgage prior to the commencement of the 2009 action, thus depriving GMAC of the contractual right under the mortgage to accelerate the debt.
The plaintiff's contention that Gokey did not meet her burden because she submitted evidence that she did not default on her obligations under the note and mortgage, and thus the mortgage debt was not validly accelerated by the commencement of the 2009 action, is not improperly raised for the first time on appeal, as the plaintiff made that argument, albeit in the alternative, in opposition to Gokey's cross motion. Nor is the plaintiff judicially estopped from taking that position on this appeal, despite alleging in the complaint and arguing in support of its motion that Gokey was in default (see Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588).
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, since Gokey failed to meet her burden, the Supreme Court should have denied that branch of her cross motion which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court