HSBC Bank USA, N.A. v Grella (2019 NY Slip Op 07388)





HSBC Bank USA, N.A. v Grella


2019 NY Slip Op 07388


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2017-10856
 (Index No. 607910/17)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Lucia Grella, respondent, et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for appellant.
Peter Panaro, Massapequa, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated August 18, 2017. The order granted the motion of the defendant Lucia Grella pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Lucia Grella pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her is denied.
In 2007, nonparty MortgageIT loaned the defendant Lucia Grella the sum of $424,000. Grella executed a promissory note evidencing the loan, and secured the loan with a mortgage on real property owned by Grella. On October 1, 2010, Grella defaulted in making her monthly mortgage payment. On or about December 12, 2010, the loan servicer sent Grella a notice of default which demanded payment of the arrears, and stated, in relevant part, that "[u]nless the payments on your loan can be brought current by January 11, 2011, it will become necessary to require immediate payment in full (also called acceleration) of your Mortgage Note. . . . If funds are not received by the above referenced date, we will proceed with acceleration." Thereafter, the note and the mortgage were assigned to the plaintiff.
On May 13, 2011, the plaintiff commenced a mortgage foreclosure action against Grella, among others. Grella did not interpose an answer. Subsequently, Grella moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her, based on the plaintiff's failure to seek a default judgment within one year after Grella's failure to answer the complaint. The Supreme Court denied the motion, and on appeal, this Court modified the Supreme Court's order so as to grant that branch of Grella's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her (see HSBC Bank USA Natl. Assn. v Grella, 145 AD3d 669, 672).
Thereafter, on April 26, 2017, the plaintiff commenced this second foreclosure action against Grella, among others. Grella moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her on the grounds that the action was time-barred and that the RPAPL [*2]1304 notice sent by the plaintiff was defective. The plaintiff opposed the motion, contending that even if the May 13, 2011, commencement of the first action was deemed an acceleration of the loan that triggered the running of the six-year statute of limitations, the plaintiff commenced this second foreclosure action on April 26, 2017, which was within six years after the commencement of the first action. The plaintiff further argued that its RPAPL 1304 notice was not defective. The Supreme Court granted Grella's motion, and the plaintiff appeals.
In resolving a motion to dismiss a complaint pursuant to CPLR 3211(a)(5), the court must accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference (see Faison v Lewis, 25 NY3d 220, 224). Further, "[o]n a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 834-845). If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see U.S. Bank N.A. v Gordon, 158 AD3d at 835). Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]; Milone v U.S. Bank N.A., 164 AD3d 145, 151; Wells Fargo Bank, N.A. v Eitani, 148 AD3d at 197). " [E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Contrary to Grella's contention, the language in the 2010 notice of default did not serve to accelerate the loan, as it "was nothing more than a letter discussing acceleration as a possible future event, which does not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d 474, 475; see FBP 250, LLC v Wells Fargo Bank, N.A., 164 AD3d 1307, 1309; Milone v U.S. Bank N.A., 164 AD3d at 152). As the notice of default did not serve to accelerate the maturity date of the debt, and since the complaints in the first and second foreclosure actions were filed less than six years apart, Grella failed to sustain her initial burden of establishing, prima facie, that the instant foreclosure action is time-barred.
Before a mortgage holder commences a mortgage foreclosure action based on the borrower's default in making its mortgage payments, the holder is required, pursuant to RPAPL 1304, to serve the borrower with notice of his or her default in a statutorily specified manner, at least 90 days prior to the commencement of the foreclosure action (see RPAPL 1304). Compliance with RPAPL 1304 is a condition precedent to the commencement of a foreclosure action (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910). Further, failure to serve a borrower with the notice, or to strictly comply with the statute, warrants dismissal of the action (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; Hudson City Sav. Bank v DePasquale, 113 AD3d 595, 596).
Here, as the moving party, Grella was required to affirmatively demonstrate that the plaintiff failed to strictly comply with the notice requirements of RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d at 911). Grella failed to make such a showing.
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied Grella's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her as time-barred and for failure to comply with RPAPL 1304.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court