U.S. Bank N.A. v Vitolo (2020 NY Slip Op 02492)





U.S. Bank N.A. v Vitolo


2020 NY Slip Op 02492


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-11647
 (Index No. 135762/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Norma Vitolo, appellant, et al., defendants.


Crawford Bringslid Vander Neut, LLP, Staten Island, NY (Allyn J. Crawford of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Joseph B. Teig of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Norma Vitolo appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated August 17, 2018. The order denied her motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
In 2005, the defendant Norma Vitolo obtained from First Central Savings Bank a loan, which was secured by a mortgage on residential property located in Staten Island. Vitolo allegedly defaulted on her monthly mortgage payments beginning in December 2008.
By letter dated January 25, 2009, Vitolo received a default notice on her mortgage, which stated that "[u]nless the payments on your loan can be brought current by February 24, 2009, it will become necessary to accelerate your Mortgage Note." The letter further stated that Vitolo's failure to pay the delinquent amount "will result in the acceleration of your Mortgage Note," and that "[i]f funds are not received by the above stated date, we will proceed to automatically accelerate your loan."
In May 2009, the plaintiff, U.S. Bank National Association (hereinafter U.S. Bank), commenced an action to foreclose the mortgage. The complaint in that action was dismissed on January 11, 2016, due to U.S. Bank's lack of standing. In August 2016, Vitolo commenced an action pursuant to RPAPL 1501(4) to cancel and discharge the mortgage. That action is the subject of a related appeal (see Vitolo v U.S. Bank N.A., ___ AD3d ___ [decided herewith]).
In September 2016, U.S. Bank commenced the instant action to foreclose the mortgage. In October 2016, Vitolo moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her on the ground that the action was barred by the applicable statute of limitations. The Supreme Court denied the motion, and Vitolo appeals. We affirm.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that [*2]the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]; Milone v US Bank N.A., 164 AD3d 145, 151; Wells Fargo Bank, N.A. v Eitani, 148 AD3d at 197). " The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Where, as here, the acceleration of the maturity of a mortgage debt is made optional with the holder of the note and mortgage, "some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982-983; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 835). "To be effective, the acceleration notice to the borrower must be clear and unequivocal" (Milone v US Bank N.A., 164 AD3d at 152; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; Sarva v Chakravorty, 34 AD3d 438, 439). A "letter discussing acceleration as a possible future event . . . does not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d 474, 475).
Contrary to Vitolo's contention, the letter dated January 25, 2009, did not accelerate the mortgage debt (see U.S. Bank N.A. v Gordon, 176 AD3d 1006, 1008). Rather, the language in the letter "was merely an expression of future intent that fell short of an actual acceleration" (Milone v US Bank N.A., 164 AD3d at 152; see Bank of N.Y. Mellon v Morris, 172 AD3d 1150, 1151; U.S. Bank N.A. v Sopp, 170 AD3d 776, 778; North Shore Invs. Realty Group LLC v Traina, 170 AD3d 737, 738). Therefore, Vitolo failed to satisfy her initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (see U.S. Bank N.A. v Greenberg, 170 AD3d 1237; U.S. Bank N.A. v Gordon, 158 AD3d at 834-835).
Accordingly, we agree with the Supreme Court's determination to deny Vitolo's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court