U.S. Bank N.A. v Kim (2021 NY Slip Op 01876)





U.S. Bank N.A. v Kim


2021 NY Slip Op 01876


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Index No. 850238/18 Appeal No. 13426 Case No. 2020-00091 

[*1]U.S. Bank National Association, Successor Trustee to Bank of America, National Association as Successor by Merger to LaSalle Bank NA as Trustee for Washington Mutual Mortgage Pass-Through Certificates WAMU Series 2007-OA4 Trust, Plaintiff-Appellant,
v
Sherry Kim et al., Defendants, Robert L. Gordons LLC, Defendant-Respondent.


Parker Ibrahim & Berg LLP, New York (Robert N. Pollock of counsel), for appellant.
Villanti Law Group PLLC, Brooklyn (Christopher Villanti of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 18, 2019, which, inter alia, granted the motion of defendant Robert L. Gordons LLC for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the motion denied, the complaint reinstated, and the matter remanded for consideration of plaintiff's motion for summary judgment and an order of reference on its claim seeking to foreclose on a mortgage.
In 2018, Supreme Court granted defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint in the prior, 2010 foreclosure action for plaintiff's failure to seek a default judgment within one year of defendant's default. The dismissal order did not include any findings of specific conduct demonstrating a general pattern of delay in proceeding with the litigation, as required to preclude the application of CPLR 205(a) for failure to prosecute (U.S. Trust, N.A. v Moomey-Stevens, 168 AD3d 1169 [3d Dept 2019]; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193 [2d Dept 2017], appeal dismissed 29 NY3d 1023 [2017]). Under the circumstances, the court should not have granted defendant's motion to dismiss the complaint in the present action as time-barred, as this action was timely brought within six months after the motion court dismissed plaintiff's first foreclosure action (see CPLR 205[a]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021