U.S. Bank N.A. v Jalas (2021 NY Slip Op 03506)





U.S. Bank N.A. v Jalas


2021 NY Slip Op 03506


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

531745
[*1]U.S. Bank National Association, as Trustee, Appellant,
v
Chaim Jalas, Respondents, et al., Defendants.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

J.J. Robbin Law PLLC, Armonk (Jacquelyn A. DiCicco of counsel), for appellant.
Silber Law Firm, LLC, New York City (Meyer Y. Silber of counsel), for Chaim Jalas, respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (McGuire, J.), entered March 10, 2020 in Sullivan County, which granted defendant Chaim Jalas' motion to dismiss the complaint against him.
In September 2007, defendant Chaim Jalas (hereinafter defendant) executed a note to borrow $136,000 from Bank of America, N.A., secured by a mortgage against real property located in the Town of Fallsburg, Sullivan County. In September 2015, the mortgage was assigned from Bank of America to Christiana Trust and, in June 2017, the Christiana Trust assigned the note and mortgage to plaintiff, as "Legal Title Trustee for Truman 2016 SC6 Title Trust." After defendant defaulted on his payments, Bank of America filed a September 10, 2010 summons and complaint against defendant, calling due "the entire amount secured by the mortgage," which defendant failed to answer. In March 2017, Bank of America filed a request for judicial intervention. After defendant failed to appear at an April 2017 conference, Bank of America moved in July 2017 for a default judgment. Defendant then cross-moved for an order dismissing the 2010 action as abandoned pursuant to CPLR 3215 (c). Pursuant to an order entered on May 18, 2018, Supreme Court dismissed the 2010 action, thus granting defendant's motion to dismiss the complaint "as abandoned pursuant to CPLR 3215 (c)," finding that Bank of America "waited almost
seven . . . years before moving for a default judgment."
Plaintiff commenced the present foreclosure action via summons and complaint on November 9, 2018 and served it upon defendant on November 14, 2018. In this November 2018 complaint, plaintiff listed the mortgaged premises as being both 10 Old Turnpike Road and 12 Old Turnpike Road. The 12 Old Turnpike Road street address does not appear in the deed description nor in the mortgage's property description. In December 2018, defendant made a pre-answer motion to dismiss the complaint as time-barred pursuant to CPLR 3211 (a) (5) and 213 (4), and also moved to dismiss the complaint pursuant to, among other things, CPLR 3211 (a) (1) on the ground that plaintiff failed to tender documentary evidence proving that 12 Old Turnpike Road is encumbered by the subject mortgage. Plaintiff opposed the motion, and defendant replied in further support of his motion. Supreme Court granted defendant's motion to dismiss the complaint as time-barred, holding that plaintiff could not avail itself of the savings provision of CPLR 205 (a) because the 2010 foreclosure action was dismissed for want of prosecution. As an alternate ruling, the court granted defendant's motion to dismiss the complaint as it pertains to 12 Old Turnpike Road because plaintiff failed to prove with documentary evidence that it has any interest in said property. Plaintiff appeals.
Plaintiff contends that the savings provision of CPLR 205 (a) applies and, thus, Supreme Court erred in dismissing the complaint as untimely. Initially, inasmuch as the mortgage was first [*2]accelerated by the first action in September 2010, the second action, commenced in November 2018, is facially time-barred. Thus, defendant met his prima facie burden on his motion to dismiss as he established that the second action was commenced more than six years after the acceleration (see CPLR 213 [4]; Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1073-1074 [2017], lv dismissed 33 NY3d 1128 [2019]; see generally Freedom Mtge. Corp. v Engel, ___ NY3d ___, ___, 2021 NY Slip Op 01090, *2 [2021]). However, as relevant here, "[p]ursuant to CPLR 205 (a), if an action is timely commenced and is terminated in any other manner than by . . . a dismissal of the complaint for neglect to prosecute the action, . . . the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" (U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d 1169, 1170 [2019] [internal quotation marks and brackets omitted]). Therefore, this first issue distills to whether Supreme Court's dismissal of the prior foreclosure action based upon abandonment constitutes a neglect to prosecute, which would render CPLR 205 (a) inapplicable.[FN1]
For purposes of the savings provision of CPLR 205 (a), "[w]here a dismissal is one for neglect to prosecute the action made pursuant to [CPLR 3216] or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (see Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 198 [2017], appeal dismissed 29 NY3d 1023 [2017]). Here, the first action was dismissed as abandoned pursuant to CPLR 3215 (c). In making this determination, Supreme Court noted that plaintiff waited almost seven years before moving for a default after defendant failed to answer and that plaintiff failed to establish a reasonable excuse for the delay in seeking the default. Therefore, without deciding whether CPLR 3215 (c) is considered neglect to prosecute pursuant to the "or otherwise" language contained in CPLR 205 (a), Supreme Court's order dismissing the first action did not set forth on the record conduct that "demonstrate[d] a general pattern of delay" (CPLR 205 [a]). As such, under these circumstances, the second action does not fall outside the savings provision (see U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d at 1171; Wells Fargo Bank, N.A. v Eitani, 148 AD3d at 198-199).
Although this seven-year delay in moving for a default judgment is lengthy, it does not rise to the level of neglect. To be sure, the Court of Appeals has found neglect to prosecute as a "correct description" when a plaintiff engaged in a "series of discovery defaults," and the trial court, in its [*3]dismissal order, has referred to the plaintiff's "failure . . . to comply with discovery deadlines," "delays," "disregard for the case management order and scheduling order," "lack of diligence," "inactions" and "laxity" (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 521 [2005] [internal quotation marks omitted]; see Santiago v City of New York, 77 AD3d 561, 561 [2010]). Additionally, although this seven-year delay in moving for a default judgment is comparatively longer than the delays previously before this Court (see U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d at 1171), it is noted that the Second Department recently ruled that the savings provision was still applicable to a subsequent action when the prior action was dismissed pursuant to CPLR 3215 (c) for failure to move for a judgment against a defendant for "almost seven years" because the trial court did not include findings of specific conduct demonstrating a general pattern of delay in proceeding with litigation (HSBC Bank USA, N.A. v Janvier, 187 AD3d 999, 1001 [2020]).[FN2]
We also find that Supreme Court erred in dismissing the action alternatively under CPLR 3211 (a) (1), based on certain documentary evidence that raised questions about the proper street address of the parcel to be foreclosed. In particular, in its motion to dismiss, defendant alleged that while plaintiff attempts to foreclose on both 10 and 12 Old Turnpike Road, the documentary proof refutes that the latter parcel is encumbered by the mortgage. It is well settled that a motion pursuant to CPLR 3211 (a) (1) "may only be granted where documentary evidence utterly refutes [plaintiff's] factual allegations, conclusively establishing a defense as a matter of law" (Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc., 183 AD3d 984, 987 [2020] [internal quotation marks and citation omitted]). Additionally, "when there is a discrepancy between the street address and the legal description of a piece of real property, the legal description controls" (Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., 219 AD2d 186, 190 [1996], lv denied 88 NY2d 808 [1996]; see SRP 2012-5, LLC v Corrao, 167 AD3d 798, 799 [2018]). Here, the documentary evidence merely indicates that the mortgage references only 10 Old Turnpike Road as a street address, but, since the legal description in the mortgage and in the complaint — which are identical — includes property encompassed by both 10 and 12 Old Turnpike Road, that particularized metes and bounds legal description controls and both parcels are therefore encumbered [FN3] regardless of the street address (see SRP 2012-5, LLC v Corrao, 167 AD3d at 799; Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., 219 AD2d at 190). Accordingly, Supreme Court erred by granting defendant's motion to dismiss.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order [*4]is reversed, on the law, with costs, motion denied, and matter remitted to the Supreme Court to permit defendant Chaim Jalas to serve an answer within 20 days of this Court's decision.



Footnotes

Footnote 1: Despite defendant's arguments to the contrary, because the record confirms that plaintiff is the current holder of the same note and mortgage that was previously held by Bank of America, and plaintiff was assigned the note and mortgage in June 2017, during the pendency of the first action and prior to its termination, plaintiff may still be entitled to the benefits of CPLR 205 (a) (see U.S. Bank N.A. v Gordon, 158 AD3d 832, 838 [2018]; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 199 [2017], appeal dismissed 29 NY3d 1023 [2017]).

Footnote 2: Notably, defendant himself defaulted by not attending the mandatory settlement conference.

Footnote 3: A portion of the title report, which is part of the record, explains the ambiguity relating to the street address.