■ MONADNOCK CONSTRUCTION, INC., et al., Appellants, v DiFAMA CONCRETE, INC., et al., Defendants, and HUDSON INSURANCE COMPANY, Respondent. [896 NYS2d 107]—

In an action for a judgment, inter alia, declaring that the defendant Hudson Insurance Company is obligated to defend and indemnify the plaintiffs Monadnock Construction, Inc., Hudson Chelsea Associates, LLC, Kimmel Family 23rd Street, LLC, and Mandelbaum 23rd Street, LLC, in an underlying personal injury action entitled *Cronin v Hudson Chelsea Assoc., LLC*, commenced in the Supreme Court, New York County, under index No, 126112/02, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 5, 2008, as, upon renewal and reargument, modified a prior order dated March 3, 2008, by adding a provision thereto limiting the plaintiffs' right to recover the costs and attorneys' fees they incurred in defending the underlying action to those costs and fees incurred prior to October 29, 2007.

Ordered that the order dated December 5, 2008, is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that Hudson Insurance Company is obligated to indemnify Monadnock Construction, Inc., Chelsea Associates, LLC, Kimmel Family 23rd Street, LLC, and Mandelbaum 23rd Street, LLC, for costs and attorneys' fees they incurred in defending the underlying action only through October 29, 2007.

The defendant Hudson Insurance Company (hereinafter Hudson) issued a "commercial liability policy" to Precise Brick, Inc. (hereinafter Precise), one of various contractors present at a construction site at 520 West 23rd Street in New York. James Cronin, who was employed by another contractor, allegedly was injured while working at the site. Cronin commenced a personal injury action (hereinafter the underlying action) against Precise, as well as against Monadnock Construction, Inc., Hudson Chelsea Associates, LLC, Kimmel Family 23rd Street, LLC, and

Mandelbaum 23rd Street, LLC (hereinafter collectively the appellants).

In an order dated June 26, 2007, the Supreme Court, New York County, noting the lack of opposition from Cronin, granted "the respective motions by the defendants" in the underlying action, including the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them, and directed that "the complaint [be] dismissed in its entirety." In an order dated July 26, 2007, that court, sua sponte, vacated the order dated June 26, 2007. Ultimately, however, based on what it described as Cronin's attorney's express consent to "letting the defendant [Precise] out of the case," that court, in an order dated October 29, 2007, granted Precise's motion to vacate the order dated July 26, 2007, and, at least as to Precise, reinstated its order dated June 26, 2007.

Hudson defended Precise in the underlying action, and also defended the appellants as "additional insureds" under the Hudson policy.

In an order dated December 17, 2007, the Supreme Court, New York County, also dismissed "all claims" asserted by Cronin in the underlying action against the appellants. It is unclear whether any of Cronin's claims remain viable against any other defendants in the underlying action.

The appellants commenced the instant action against Hudson, among others, seeking a judgment, inter alia, declaring that Hudson was not only obligated to defend them in connection with every aspect of the underlying action, but is obligated to indemnify them for all costs and attorneys' fees they incurred in defending the underlying action, including those costs and fees incurred after October 29, 2007. In an order dated March 3, 2008, the Supreme Court, Nassau County, granted the appellants' motion in the instant action for summary judgment declaring that Hudson was obligated to reimburse them "for all defense costs and attorney's fees expended in defending the underlying personal injury action." Upon granting Hudson's motion for leave to renew and reargue, the Supreme Court, in an order dated December 5, 2008, inter alia, modified the order dated March 3, 2008, by adding a provision thereto limiting the appellants' entitlement to recover, from Hudson, costs and attorneys' fees they incurred in defending the underlying action to those costs incurred prior to October 29, 2007. We affirm the order dated December 5, 2008, insofar as appealed from.

When an underlying action is dismissed as against a "named insured," the insurer that issued a policy of insurance to the "named insured" is relieved of its duty to defend any "ad-

ditional insured" in that action (*see Worth Constr. Co., Inc. v Admiral Ins. Co.*, 10 NY3d 411 [2008]; *City of Niagara Falls v Merchants Ins. Group*, 34 AD3d 1263 [2006]). In their papers before the Supreme Court, and in their main briefs in this Court, the appellants take no issue with Hudson's contention that the order in the underlying action dated October 29, 2007, dismissed all the claims against Precise, the named insured, including all cross claims asserted against Precise. The Supreme Court accepted Hudson's contention in this regard and, thus, properly held that Hudson's duty to the appellants terminated as of October 29, 2007. The appellants' contrary contention that all of the claims against Precise were not, in fact, dismissed as of October 29, 2007, is improperly raised for the first time in their reply brief (*see Borbeck v Hercules Constr. Corp.*, 48 AD3d 498 [2008]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that Hudson is obligated to indemnify the appellants for costs and attorneys' fees they incurred in defending the underlying action only through October 29, 2007 (*see Lanza v Wagner*, 11 NY2d 317, 324, *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.