■ U.S. Bank National Association, Respondent, v Joseph Dellarmo, Also Known as Joseph Dell'Armo, Appellant, et al., Defendants. [9 NYS3d 322]—

In an action to foreclose a mortgage, the defendant Joseph Dellarmo, also known as Joseph Dell'Armo, appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated April 22, 2013, which denied his motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

In the plaintiff's prior action to foreclose on the subject mortgage, this Court directed dismissal of the complaint insofar as asserted against the defendant Joseph Dellarmo, also known as Joseph Dell'Armo (hereinafter Dellarmo), on the ground that the plaintiff failed to establish that it had standing to commence the prior action (*see U.S. Bank N.A. v Dellarmo*, 94 AD3d 746 [2012]). The prior action was timely commenced, and it was not dismissed based on a voluntary discontinuance

or lack of personal jurisdiction. Moreover, contrary to Dellarmo's contention, this Court's order in the prior action was not based on a neglect to prosecute (*cf. Marrero v Crystal Nails*, 114 AD3d 101 [2013]), and did not constitute a final adjudication on the merits (*see Carrick v Central Gen. Hosp.*, 51 NY2d 242, 251-252 [1980]; *Caliguri v JPMorgan Chase Bank, N.A.*, 121 AD3d 1030, 1031 [2014]; *see also Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13-14 [2008]; *Matter of Schulz v State of New York*, 81 NY2d 336, 347 [1993]). Accordingly, since the plaintiff commenced the present action to foreclose on the subject mortgage within six months after this Court's decision directing dismissal of the prior action, the present action is not barred by the statute of limitations (*see* CPLR 205 [a]; *Matter of Goldstein v New York State Urban Dev. Corp.*, 13 NY3d 511, 520 [2009]).

Dellarmo's contention that the instant complaint was not properly verified is not properly before this Court, as it is raised for the first time in his appellate reply brief, to which the plaintiff had no opportunity to respond (*see US Bank N.A. v Sarmiento*, 121 AD3d 187, 208 [2014]; *Monadnock Constr., Inc. v DiFama Concrete, Inc.*, 70 AD3d 906, 908 [2010]).

Dellarmo's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied Dellarmo's motion to dismiss the complaint insofar as asserted against him. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.