OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is affirmed, without costs.
In this special proceeding pursuant to Social Services Law § 461-h (see RPAPL 713-a), petitioner seeks the termination of the admission agreement of Steven Howard, a resident of petitioner’s adult home, and his discharge and removal from the facility.
Petitioner alleged in the 30-day notice of termination and petition that Howard’s repeated behavior of smoking inside the facility directly impaired his well-being, care or safety, or that of any other resident, or substantially interfered with the orderly operation of the adult home (see Social Services Law § 461-g [1] [d]).
At a nonjury trial, petitioner’s witnesses testified that Howard had been observed smoking cigarettes inside the facility on 11 occasions between December 10, 2012 and January 10, 2013, in violation of house rules and Howard’s admission agreement. In addition, the testimony established that petitioner had assigned staff members to an “hourly watch protocol” over a nine-month period in order to prevent Howard from smoking inside the facility. Petitioner established that the surveillance of Howard substantially interfered with the orderly operation of the facility, as it prevented petitioner’s staff from performing their daily functions. Petitioner’s evidence included, among other things, incident reports detailing Howard’s smoking violations. In addition, the Justice Court, over objection by Howard’s attorney, admitted four other incident reports involving Howard, which did not involve cigarette smoking and which related to incidents that had occurred after this proceeding had been commenced. Following the trial, the Justice Court found that Howard’s repeated smoking violations had *6 directly impaired Howard’s well-being, care or safety, or that of other residents of the petitioner’s adult home, and had substantially interfered with the orderly operation of the adult home. The court awarded a final judgment in favor of petitioner terminating Howard’s admission agreement and issued an order directing removal of Howard from the adult home.
We agree with Howard that the Justice Court improperly admitted the four incident reports regarding events involving him that had transpired after the commencement of this proceeding and were unrelated to any of the events surrounding his cigarette smoking, which are the subject of this proceeding. However, we find that such error was harmless, under the circumstances presented, given the overwhelming proof of Howard’s repeated cigarette smoking violations. Furthermore, since this was a bench trial, it is presumed that the Justice Court, having heard the objections to the admission of this evidence, properly balanced the probative weight and prejudicial value, and accorded the reports the appropriate weight in its evidentiary determination (see Valentine Mgt. Assoc. v Twumasi-Ankrah, 43 Misc 3d 128[A], 2014 NY Slip Op 50483 [U], *1 [App Term, 2d Dept. 9th & 10th Jud Dists 2014], citing People v Moreno, 70 NY2d 403, 406 [1987]).
Regarding Howard’s contention that Crestview Manor is required to assist him in obtaining alternative living arrangements pursuant to the regulations of the Department of Social Services (see 18 NYCRR 487.5 [f] [19]), while this requirement may provide a basis to stay the execution of the warrant, it does not provide sufficient grounds to disturb the final judgment in favor of petitioner.
Accordingly, the final judgment is affirmed.
Tolbert, J.R, Maraño and Connolly, JJ., concur.