Oceanview Manor Home For Adults, Appellant,
against
David Vargas, Respondent.




White, Cirrito & Nally, LLP (James P. Nally of counsel), for appellant.
Brooklyn Defender Services (Anca Grigore of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (John H. Stanley, J.), entered November 8, 2017. The final judgment, after a nonjury trial, dismissed the petition in a special proceeding commenced pursuant to Social Services Law § 461-h.




ORDERED that the final judgment is affirmed, without costs. 
In this special proceeding commenced pursuant to Social Services Law § 461-h, petitioner seeks the termination of the admission agreement of David Vargas (occupant), a resident of petitioner's assisted living facility, his removal from the facility's premises, and a final judgment of possession. 
In a 30-day notice of termination and in the petition, petitioner alleged that occupant's behavior warranted the termination of his admission agreement. After occupant successfully moved to dismiss certain of the allegations in the termination notice, the following allegations remained: occupant smoked in non-smoking areas of the facility eight times over a specified nine-month period; after a flood in the premises, occupant used a hammer, screwdriver, and brute force to break into the facility administrator's office; and occupant told a staff member, "[G]o ahead and piss me off[,] you will be next." 
At a nonjury trial, the only one of petitioner's witnesses who testified on personal knowledge regarding occupant's smoking stated that she had seen occupant smoking "two or [*2]three" times. The witness also testified that occupant had broken into the facility's administrator's office after a flood in the premises. The court admitted into evidence a surveillance video of the incident. Another of petitioner's witnesses, a cook, testified that occupant had told him, "Go ahead and piss me off, you will be next," after occupant had requested vinegar from the cook and he had told occupant that they did not have any. Over occupant's attorney's objection, certain questions pertaining to incidents subsequent to the service of the termination notice were permitted. 
In a decision dated June 26, 2017, the Civil Court found that petitioner had failed to establish its entitlement to judgment. 
"The court is left to decide whether the behavior established by petitioner at trial rises to the level of a violation of the Social Services Law because the conduct either poses an imminent risk of death or imminent risk of serious physical harm to such resident or any other person or directly impairs the well-being of others. Here, the evidence adduced at trial does not meet this standard. The video of the break-in of the office shows [occupant] as very angry and determined. However, he did not pose a risk to others. He stayed well clear of any contact with others. In addition, even if [occupant] violated the smoking rules, the evidence does not demonstrate that this conduct posed an imminent risk of death to others and does not directly impair the well-being of others or directly interfere with the orderly operation of the facility."
A final judgment was entered on November 8, 2017 dismissing the petition. 
Social Services Law § 461-g, provides, in pertinent part:
"No adult home, residence for adults or enriched housing program which is subject to certification and supervision of the department shall terminate the admission agreement of any resident of such facility and involuntarily discharge him therefrom except for the following reasons . . . behavior of the resident which poses imminent risk of death or imminent risk of serious physical harm to such resident or any other person; [or] repeated behavior of the resident which directly impairs the well-being, care or safety of the resident or any other resident or which substantially interferes with the orderly operation of the facility."
The record supports the Civil Court's determination that petitioner did not establish that occupant's behavior warranted a termination of his admission agreement. While one of petitioner's witnesses testified that occupant had smoked in his room two or three times, no witness testified that these two or three incidents occurred during the period specified in the termination notice (cf. P & A Reckess v Howard, 49 Misc 3d 4, 5 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Moreover, none of petitioner's witnesses testified that any of petitioner's staff, policies, or procedures changed as a result of occupant's oral threat to petitioner's employee, or that there was otherwise an interference with the orderly operation of the facility due to occupant's threat (cf. id. at 5). As no other incidents besides the break-in into the facility administrator's office were proven at trial, petitioner failed to make a prima facie showing of repeated behavior rising to the level warranting the termination of the admission agreement under the Social Services Law.
Furthermore, petitioner's contention that the Civil Court should have considered evidence of acts that were allegedly committed by occupant that occurred subsequent to the service of the [*3]30-day notice lacks merit (see Social Services Law § 461-g [2]; see also Social Services Law § 461-h [requiring service of a 30-day notice of termination prior to the commencement of a proceeding to terminate an admission agreement]; P & A Reckess, 49 Misc 3d at 6). 
We note that, in affirming, we do not countenance occupant's abhorrent behavior, nor should our opinion be taken as any indication that such behavior could not, in another case, present a basis for a finding in favor of a petitioner. Rather, it is a failure of proof at trial, as opposed to a finding that the alleged conduct on the part of the occupant is not sufficiently objectionable to result in eviction, that has led to our conclusion that petitioner has not made a prima facie showing of entitlement to judgment.
Finally, petitioner's contention raised in its reply brief for the first time is not properly before this court (see Erdey v City of New York, 129 AD3d 546 [2015]; U.S. Bank N.A. v Dellarmo, 128 AD3d 680, 681 [2015]). Petitioner's remaining contentions on appeal are moot, given our finding that petitioner failed to make a prima facie showing of repeated behavior rising to a level allowing for the termination of the admission agreement. 
Accordingly, the final judgment is affirmed. 
ALIOTTA, J.P., PESCE and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 22, 2019