Barbara Sikora, Appellant,
against
Karen Shurtluff, Respondent. 




Appellate Term Docket No.
2019-221 S C
Lower Court # SC 41-18
Barbara Sikora, appellant pro se.
Karen Shurtluff, respondent pro se.

Appeal by plaintiff, on the ground of inadequacy, and separate appeal by defendant from an amended judgment of the District Court of Suffolk County, Fourth District (Janine A. Barbera-Dalli, J.), entered September 12, 2018. The amended judgment, after a nonjury trial, and upon an order of that court entered September 11, 2018 granting a motion by defendant, in effect to amend the original judgment of that court entered July 20, 2018 awarding plaintiff the principal sum of $1,950, awarded plaintiff the principal sum of $1,450. Plaintiff's notice of appeal from the order entered September 11, 2018 is deemed to be a notice of appeal from the amended judgment entered September 12, 2018 (see CPLR 5512 [a]).




ORDERED that, on the court's own motion, defendant's notice of appeal from the judgment entered July 20, 2018 is deemed a premature notice of appeal from the amended judgment entered September 12, 2018 (see CPLR 5520 [c]); and it is further,
ORDERED that, on the court's own motion, plaintiff's appeal (appeal No. 2018-2377 S C) and defendant's appeal (appeal No. 2019-221 S C) are consolidated for the purposes of disposition; and it is further,
ORDERED that the amended judgment entered September 12, 2018 is modified by [*2]increasing the award in favor of plaintiff to the principal sum of $1,900; as so modified, the amended judgment is affirmed, without costs. 
In this small claims action by defendant's former tenant to recover a security deposit in the sum of $2,900, defendant counterclaimed to recover the sum of $3,695 for unpaid rent and damage to the apartment. At a nonjury trial, it was established that plaintiff had paid defendant $2,900 as a security deposit and that defendant had not returned any part thereof to plaintiff. It was undisputed that, in a prior nonpayment summary proceeding, defendant had obtained a final judgment against plaintiff for $1,450, representing one month of unpaid rent. Defendant testified that plaintiff had damaged the wood floors in the apartment, and presented an itemized bill for $1,000 for the repair of the floors, which bill was marked paid in full. 
Following the trial, the District Court ruled on the record, "After due deliberation and consideration . . . I find in favor of the plaintiff in the amount of $450 representing the difference between the amount owed of $1450 plus the damages to the floor of a thousand dollars that's there. I order that the [final] judgment against [plaintiff] be vacated as satisfied." While it appears that the court meant to enter a judgment in favor of plaintiff for $450, a judgment was actually entered on July 20, 2018 in the amount of $1,950. While there is no indication in the record that the $1,450 nonpayment final judgment had previously been satisfied, it is undisputed in the parties' briefs that defendant had subsequently enforced that final judgment by levying against plaintiff's bank account to satisfy the final judgment in full. 
Thereafter, defendant moved, in effect, to amend the July 20, 2018 judgment. In an order dated September 11, 2018, the District Court, among other things, granted defendant's motion "to the extent that judgment in favor of plaintiff is granted in the sum of $1,450, representing [plaintiff's] full security," without providing any further explanation for its determination. An amended judgment was entered on September 12, 2018 in the principal sum of $1,450.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
At the outset, we note that we are mindful of the fact that, in its oral decision, the District Court specifically found, among other things, that defendant was entitled to a setoff of $1,000 due to damage to the floors. This setoff was not reflected in the original judgment, and there was no reference to it in the amended judgment or in the accompanying order amending the judgment. We give effect to the District Court's findings of fact in its oral decision, as opposed to the unexplained amounts awarded in the original judgment and the amended judgment.
With respect to the $1,000 cost to repair the floor, defendant testified that the damage to her floor had been caused by plaintiff. Defendant submitted into evidence an itemized receipt [*3]that was marked paid in full, which constitutes prima facie evidence of the necessity and reasonable value of the services rendered (see UDCA 1804). Although plaintiff presented conflicting testimony, the court apparently found the testimony of defendant to be more credible than plaintiff's. We find that the oral determination that defendant was entitled to recoup her $1,000 expense in repairing the floor is supported by the record.
Plaintiff argues in her reply brief, for the first time, that defendant was required under the lease to provide plaintiff with an "itemized written statement of the reasons for, and the dollar amount of, any of the security deposit retained by" defendant in order for defendant to be entitled to deduct those amounts from the security deposit. Plaintiff failed to make this argument at trial, or in her main appellant's brief, and there is no indication in the record that the lease was admitted into evidence at trial. Consequently, this argument is not properly before this court (see Matter of Erdey v City of New York, 129 AD3d 546 [2015]; U.S. Bank N.A. v Dellarmo, 128 AD3d 680, 681 [2015]).
As the parties had previously litigated defendant's claim for rent and plaintiff's claim for breach of warranty of habitability in the nonpayment proceeding, and no appeal was taken from the final judgment entered therein, plaintiff's arguments regarding the determination in that proceeding with respect to various breaches of the warranty of habitability are also not properly before this court.
Contrary to plaintiff's contention, there is no provision in the General Obligations Law requiring a landlord to return the full amount of the security deposit to the tenant upon the landlord's failure to notify the tenant in writing of the banking institution into which the security deposit has been placed. 
It is undisputed that plaintiff had given defendant a $2,900 security deposit. It is also undisputed that, in a prior proceeding, defendant had been awarded a final judgment for $1,450, representing one month's rent. Although the fact that defendant had enforced the $1,450 final judgment is dehors the record, this fact is also undisputed, as both parties annexed the same bank statement showing that plaintiff's bank account had been levied upon, implicitly agreeing that the final judgment had been fully satisfied. Thus, in the oral decision, the District Court improperly deducted $1,450 from the award to plaintiff, because it was, in effect, awarding defendant that amount for a second time. As such, substantial justice (see UDCA 1804, 1807) requires that the amended judgment be modified to delete what appears to be that setoff. 
In view of the foregoing, plaintiff is entitled to her $2,900 security deposit less the sum of $1,000, representing the cost to fix the damage plaintiff caused to the floors, for a net award to plaintiff of the sum of $1,900.
Accordingly, the amended judgment is modified by increasing the award in favor of plaintiff to the principal sum of $1,900. 
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020