Allied World Assur. Co. (U.S.) Inc. v Aspen Specialty Ins. Co. (2021 NY Slip Op 01351)





Allied World Assur. Co. (U.S.) Inc. v Aspen Specialty Ins. Co.


2021 NY Slip Op 01351


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Gische, J.P., Singh, Moulton, González, JJ. 


Index No. 655224/17 Appeal No. 13286 Case No. 2019-04381 

[*1]Allied World Assurance Company (U.S.) Inc., et al., Plaintiffs-Respondents,
v
Aspen Specialty Insurance Company, et al., Defendants-Appellants, National Union Fire Insurance Company, et al., Defendants.


Clausen Miller, P.C., New York (John P. DeFilippis and Don R. Sampen of the bar of the State of Illinois, admitted pro hac vice, of counsel), for Aspen Specialty Insurance Company, appellant.
Farber Brocks & Zane L.L.P., Garden City (Joseph K. Poe of counsel), for Merchants Mutual Insurance Company, appellants.
Fleischner Potash LLP, New York (Gil M. Coogler of counsel), for respondents.



Order, Supreme Court, New York County (Frank P. Nervo, J.), entered September 17, 2019, which, insofar as appealed from, granted plaintiffs' motion for summary judgment declaring that defendants are obligated to provide defense coverage in the underlying bodily injury lawsuit to plaintiff M. Cary, Inc. as an additional insured under certain liability insurance policies, and so declared, and denied defendant Merchants Mutual Insurance Company's cross motion for summary judgment declaring that M. Cary is not an additional insured under its policy and is not owed a defense or indemnification, unanimously modified, on the law, to grant Merchants's motion to the extent of declaring that Merchants's obligation to reimburse M. Cary's defense costs terminated as of April 18, 2018 and that Merchants has no indemnification obligation to M. Cary, and otherwise affirmed, without costs.
Supreme Court correctly determined that defendants had a duty to defend M. Cary as an additional insured because there was a reasonable possibility, based on the allegations in the underlying complaint, that the underlying injury was caused, in whole or in part, by the acts or omissions of the subcontractors to which the policies were issued in connection with their ongoing operations and therefore that coverage for M. Cary, the general contractor, was implicated under the policies (see Live Nation Mktg., Inc. v Greenwich Ins. Co., 188 AD3d 422 [1st Dept 2020]; Paramount Ins. Co. v Federal Ins. Co., 174 AD3d 476, 477 [1st Dept 2019]). The fact that the allegations against the subcontractors were debatable and later dismissed by directed verdict is irrelevant to whether the duty to defend arose at the time the complaint was tendered (see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]; M&M Realty of N.Y., LLC v Burlington Ins. Co., 170 AD3d 407 [1st Dept 2019], lv denied 35 NY3d 901 [2020]).
However, since the underlying claim against subcontractor Quality Craft Marble Tile & Stone, Inc. has been dismissed and the underlying plaintiff has made clear that on appeal she will not seek to show that Quality Craft proximately caused her injury, it can now be determined that M. Cary is not an additional insured under the Merchants policy, and there is a clear basis for declaring that Merchants's obligations to share in the defense costs terminated as of the date of the directed verdict (see Monadnock Constr., Inc. v DiFama Concrete, Inc., 70 AD3d 906, 907-908 [2d Dept 2010]) and that Merchants has no indemnification obligation to M. Cary. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021