ACC Constr. Corp. v Merchants Mut. Ins. Co. (2021 NY Slip Op 07059)





ACC Constr. Corp. v Merchants Mut. Ins. Co.


2021 NY Slip Op 07059


Decided on December 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 16, 2021

Before: Kapnick, J.P., Friedman, González, Rodriguez, Pitt, JJ. 


Index No. 654508/16 Appeal No. 14873 Case No. 2018-5012 

[*1]ACC Construction Corporation et al., Plaintiffs-Respondents,
v
Merchants Mutual Insurance Company et al., Defendants-Appellants.


Baxter Smith & Shapiro, P.C., White Pains (Sim R. Shapiro of counsel), for appellants.
Cornell Grace, P.C., New York (George P. Cornell of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered October 18, 2018, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment to the extent of declaring that defendants must defend plaintiffs in the underlying action on a primary basis, unanimously modified, on the law, to declare that defendant Merchants Mutual Insurance Company has no duty to defend plaintiffs 370 Seventh Avenue Associates, LLC and Comscore, Inc., and, as so declared, unanimously affirmed, without costs.
The complaint in the underlying action alleged that the plaintiff was injured by a defect or dangerous condition at a construction project at property owned by 370 Seventh Avenue, and that various parties, including defendant Premier Electric, Inc., were responsible for the conditions that caused his accident. Comscore, which leased a portion of the property from 370 Seventh Avenue, had retained plaintiff ACC Construction Corporation as general contractor on the construction project, and ACC, in turn, had retained Premier as subcontractor to perform electrical work. The subcontract between ACC and Premier required Premier to contractually indemnify ACC, 370 Seventh Avenue, and Comscore for any claims or losses arising out of or in any way connected with the performance of the work under the subcontract, provided that the bodily injury was caused by any actual or alleged act of Premier or anyone acting on its behalf. The subcontract also required Premier to procure Commercial General Liability (CGL) coverage and to name ACC, 370 Seventh Avenue, and Comscore as additional insureds on that policy. Accordingly, pursuant to the subcontract, Premier procured a CGL policy from Merchants.
Merchants has a duty to defend ACC as an additional insured because there is a reasonable possibility, based on the allegations in the underlying complaint, that the injury to the underlying plaintiff was caused by the acts or omissions of Premier, to which the policy was issued in connection with its ongoing operations (see Allied World Assur. Co. [U.S.] Inc. v Aspen Specialty Ins. Co., 192 AD3d 449, 450 [1st Dept 2021]; AB Green Ganesvoort, LLC v Peter Scalamandre & Sons, Inc., 102 AD3d 425, 426 [1st Dept 2013]). Furthermore, in light of the Merchants policy language specifically providing that it is primary and noncontributory for any additional insured, ACC, as an additional insured, is entitled to receive primary coverage from Merchants (see Pecker Iron Works of N.Y. v Travelers Ins. Co., 99 NY2d 391, 394 [2003]). We note that while Liberty Mutual Insurance Company, which issued a CGL policy to Godsell Construction Company, the underlying plaintiff's employer, may be a co-insurer, Liberty is not a party to this action or to this appeal.
Since 370 Seventh Avenue and Comscore did not have a direct contractual agreement with Premier, they are not entitled to additional insured coverage under the terms of the [*2]Merchants policy (see AB Green Ganesvoort, 102 AD3d at 426).
Since Premier is not an insurer, its duty to defend its contractual indemnitee is no broader than its duty to indemnify; thus, because there has been no showing as to any party's negligence, any order requiring Merchants to reimburse Premier's indemnification costs, including indemnification of reasonable attorneys' fees incurred by its contractual indemnitees, is premature (see Inner City Redevelopment Corp. v Thyssenkrupp El. Corp., 78 AD3d 613, 613 [1st Dept 2010]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2021