Reich v 559 St. Johns Pl, LLC (2022 NY Slip Op 02445)

Reich v 559 St. Johns Pl, LLC

2022 NY Slip Op 02445

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2020-06617
 (Index No. 506861/19)

[*1]Alexander Reich, respondent, 
v
559 St. Johns Pl, LLC, appellant, et al., defendants.

Chidi A. Eze (Abrams Fensterman, LLP, Brooklyn, NY [Andrea J. Caruso], of counsel), for appellant.
Joseph J. Haspel, Middletown, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 559 St. Johns Pl, LLC, appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated August 3, 2020. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2015, the plaintiff commenced an action (hereinafter the prior action) against, among others, the defendant 559 St. Johns Pl, LLC (hereinafter the defendant), to foreclose a mortgage encumbering certain property owned by the defendant in Brooklyn. As is relevant to the appeal, the plaintiff alleged that the defendant failed to make any payments under the note and mortgage. The defendant interposed an answer containing affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to dismiss the defendant's affirmative defenses, and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff lacked standing. By order dated October 10, 2018, the Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross motion.
Thereafter, in March 2019, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The defendant then moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the ground, inter alia, that dismissal of the prior action precluded the plaintiff from commencing this action. The plaintiff opposed. By order dated August 3, 2020, the Supreme Court denied the defendant's motion. The defendant appeals. We affirm.
The Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The plaintiff, pursuant to CPLR 205(a), commenced this action within six months after the termination of the prior action. Contrary to the defendant's contention, the dismissal of the prior action for lack of standing did not constitute [*2]an adjudication on the merits precluding invocation of the six-month savings period (see id.; U.S. Bank N.A. v Dellarmo, 128 AD3d 680, 681; see also HSBC Bank USA, N.A. v Patel, 179 AD3d 650, 651).
The defendant's remaining contentions are without merit.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court