| **HOFGUR LLC v Rucker** |
|:---:|
| 2026 NY Slip Op 30005(U) |
| January 13, 2026 |
| Civil Court of the City of New York, Queens County |
| Docket Number: Index No. L&T 307406-24 |
| Judge: Logan J. Schiff |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: HOUSING PART F
-----------------------------------------------------------------X
HOFGUR LLC
DBA QUEENS ADULT CARE CENTER

                    Index No. L&T 307406-24

              Petitioner-Landlord,

       -against-                  **DECISION/ORDER**


BOBBY RUCKER

              Respondent.
-----------------------------------------------------------------X


Present:     Hon. <u>Logan J. Schiff</u>
               Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of Brenda Brown's post-trial motion in her capacity as guardian ad litem for Respondent Bobby Rucker to stay execution of the warrant: NYSCEF 25.

Upon the foregoing cited papers, the Decision/Order on Brenda Brown's motion is as follows:

      The motion is granted and execution of the warrant is stayed until such time as Petitioner presents proof that it has complied with Department of Health regulations 18 NYCRR-487.4(m) and 18 NYCRR 487.5(f)(19) in attempting to relocate Respondent from the subject Adult Care facility to a higher level of care (*see P&A Reckess v Howard*, 49 Misc 3d 4 [App Term, 2d Dept 2015]).

      Petitioner may move by order to show cause for permission to execute on the warrant of eviction supported by an affidavit based on personal knowledge describing Petitioner's compliance with the relevant regulations, including 18 NYCRR-487.4(m)(1) requiring "persistent efforts to secure appropriate alternative placement" in the manner defined in 18 NYCRR-487.4(m)(2), including, inter alia, "assisting the resident or resident's representative

1

[* 1]

with filing five applications for each such resident with appropriate facilities."[1]

This constitutes the decision and order of the court.

*Logan J Schiff*

Dated:    Queens, New York
          January 13, 2026                    _____
                                              Hon. Logan J. Schiff, J.H.C.

> APPROVED
> lschiff , 1/13/2026, 3:52:54 PM

---

[1] 18 NYCRR-487.4(m) provides as follows:
For any residents who cannot be retained under the conditions set forth in subdivision (c) of this section:

    (1) the operator shall make persistent efforts to secure appropriate alternative placement and shall document such efforts;

    (2) *persistent efforts* shall be defined as:

        (i) assisting the resident or resident's representative with filing five applications for each such resident with appropriate facilities;

        (ii) following up by telephone every two weeks on the status of the applications;

        (iii) if an application is rejected, the operator shall assist the resident or resident's representative in filing an application to another facility within five working days of the date of rejection; and

        (iv) if the resident is not placed, the operator must notify the regional office in writing, every 90 days from the filing of the first application, of the name of the resident and any pending and rejected applications."

2